### CARPENTER v. PROBST.

No. 12383.

Court of Civil Appeals of Texas.
San Antonio.

March 12, 1952.

Rehearing Denied April 9, 1952.

Carl & Lee, Houston, Sidney Benbow, Inez, for appellant.

Guittard & Henderson, Victoria, Crain & Hartman, Cuero, for appellee.

POPE, Justice.

Appellant D. C. Carpenter commenced this trespass to try title suit against appellee, O. G. Probst, seeking to prove title to a one-seventh interest in 150 acres of land. After the plaintiff and defendant had offered all their evidence, the trial court instructed a verdict in favor of Probst who claimed under a sheriff's deed to him on March 2, 1948. Whether two executions had been properly and timely issued so as to keep alive an eighteen year old judgment is the essential law point in the case.

■ On February 12, 1930, Farmers State Bank & Trust Company obtained a judgment against D. C. Carpenter in the County Court of DeWitt County. Issuance of the original execution was proved by introducing the execution docket which showed issuance on March 29, 1930, and delivery to the sheriff of the county. The judgment creditor's attorney was called as a witness for appellant, and he produced a letter from his files showing that he wrote the clerk to determine the date the execution was issued. It showed that the clerk returned the letter with the signed notation at the bottom, stating that the execution was issued on March 29, 1930. The clerk also testified independently that he prepared and issued the execution and delivered it in person to the sheriff who stuck it in his pocket. Delivery of the execution to the sheriff was made at the attorney's request. He identified the entry on the execution docket as his signature. Alias and pluries executions each referred to the original 1930 issuance from which the presumption arises that the original execution was properly issued. Benson v. Cahill, Tex.Civ.App., 37 S.W. 1088; accord Blanks v. Radford, Tex.Civ.App., 188 S. W.2d 879. There was no proof that a return was ever made, though a search failed to disclose the original execution and the sheriff who received it is dead. If these facts constituted an "issuance", under the law as it then existed, the issuance would cause the judgment to survive for a period of ten years from March 29, 1930. Art. 3773, R.C.S. 1925, Vernon's Ann.Civ.St. art. 3773; Zummo v. Cotham, 137 Tex. 517, 155 S.W.2d 600; Gartin v. Furgeson, Tex.Civ.App., 144 S.W.2d 1114; Gillam v. Matthews, Tex.Civ.App., 122 S.W.2d 348. But if it did not constitute an issuance, the judgment would be barred under Article 5532, R.C.S. 1925, since there was no revival by scire facias or an action on debt within ten years after the date of the judgment. Appellant correctly states that an "issuance" contemplates not only the clerical preparation of an execution, but also includes an unconditional delivery to an officer for enforcement in the manner provided by law. Commerce Trust Co. v. Ramp, 135 Tex. 84, 138 S.W.2d 531, 536; Harrison v. Orr, Tex.Com.App., 296 S.W. 871, 876; Cotten v. Stanford, Tex.Civ. App., 147 S.W.2d 930, 933.

■ We think the evidence established an issuance. The docket entry itself is an official record and is evidence of the issuance of such writs, Goggans v. Green, Tex.Civ.App., 165 S.W.2d 928; Bendy v. W. T. Carter & Bros., Tex.Com.App., 269 S.W. 1037; Schleicher v. Markward, 61 Tex. 99. The entire absence of a return does not negate an issuance, Tyler v. Henderson, Tex. Civ.App., 162 S.W.2d 170; Bunn v. Mackin, Tex.Civ.App., 25 S.W.2d 942, and Article 3773 of the 1925 statutes does not require a return as an element of issuance. Unlike the facts in Schneider v. Dorsey, 96 Tex. 544, 74 S.W. 526, the proof showed that the writ was delivered into the hands of the sheriff, after which a presumption arises that the officer performed his duty. Schneider v. Dorsey, supra. When there is no showing that the officer was in any way thwarted or deterred from performing his duty, we think issuance is completed upon delivery to the proper officer and that a delivery was here proved, by reason of which the judgment survived at least until ten years after March 29, 1930.

Before the ten years had elapsed counsel for the judgment creditor sought the issuance of an alias execution and it

was returned nulla bona. The alias execution was clerically prepared by the clerk and sent to the attorney who had requested the issuance. Called as appellant's witness, he stated that on more than one occasion he discussed with the sheriff, the matter of a collection on the execution. He asked the sheriff to look around and investigate and see if the debtor had anything in the County. He told the sheriff he thought the debtor had some cattle interests on which he might collect, and that he wanted collection made so he could recover his fee. He denied that he advised a nulla bona return and affirmed that he gave positive instructions to search for property, and that he wanted to collect the money. The debtor's name did not appear on the tax rolls from 1929 through 1948, and a search was made of the rolls at the time. Actually there was property in the county belonging to the debtor but it was assessed in the name, bearing different initials, of his father, who was deceased. Actually also, the judgment creditor knew that the debtor owned an undivided interest in the property in question since it had only five months before the date of the issuance, executed an instrument by which its judgment lien was subordinated to an oil and gas lease acquired by Probst, who later purchased at the sheriff's sale. Probst paid direct to the bank the debtor's share of annual delay rentals on the oil and gas lease. Some nineteen years prior to 1940, the sheriff had visited the debtor's parents, not the debtor, on this property. It was not shown that the sheriff knew in 1940 that the debtor had any interest in the property. There is no dispute among the few witnesses or the record evidence about these facts.

The law point posed by this case is whether to constitute an issuance of an execution, in addition to the clerical preparation and the unconditional delivery, there is also a duty on the part of a creditor to make full disclosure to the public official of facts within the creditor's knowledge. The authorities relied upon to reach this result do not support the contention. In the case of Cotten v. Stanford, Tex.Civ.App., 147 S.W.2d 930, there was no issuance of an execution because there was no proof that the execution was ever delivered to and received by the sheriff. In Commerce Trust Co. v. Ramp, supra, and Harrison v. Orr, supra, there was a delivery, but it was not an unconditional delivery for enforcement in the manner provided by law. On the contrary, the sheriff's enforcement was affirmatively deterred by instructions to handle the matter as a paper transaction. But here, regardless of what knowledge the creditor may have had, the execution was received by the sheriff who was positively instructed to enforce the judgment. The sheriff, in the performance of his duty, which included investigation, was by no word or act discouraged, hindered or thwarted; and we think there was an unconditional delivery of the execution. The sheriff's performance of his duty is not dependent upon help and aid from other persons in possession of information which would disclose the presence of a debtor's property in the county, and the delivery of the execution with unreserved instructions that the sheriff perform his duty amounts to an unconditional delivery for enforcement in the manner provided by law. See R. B. Spencer & Co. v. Harris, Tex.Civ. App., 171 S.W.2d 393; Walker-Smith Co. v. Coker, Tex.Civ.App., 176 S.W.2d 1002. We are of the opinion that the evidence showed a good faith issuance of the alias execution in 1940. Walker-Smith Co. v. Coker, supra; Garrett v. Hunt, Tex.Com. App., 283 S.W. 489; Gillean v. Witherspoon, Tex.Civ.App., 121 S.W. 909. Since the life of the 1930 judgment never expired, the sheriff's sale was valid.

By reason of this conclusion, it becomes unnecessary to determine whether Probst was an innocent purchaser without notice under the provisions of Article 3818, R.C.S.

The judgment is affirmed.