## HUGHES v. RUTHERFORD.
### No. 14070.

United States Court of Appeals
Fifth Circuit.
Jan. 29, 1953.
Rehearing Denied Feb. 25, 1953.

R. R. Holloway, Brownwood, Tex., O. B. Fisher, Paris, Tex., Woodruff & Holloway, Brownwood, Tex., for appellant.

Hardy Moore, Paris, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH, and RIVES, Circuit Judges.

BORAH, Circuit Judge.

Grover C. Wagner, receiver of the American National Bank of Paris, Texas, obtained a judgment against N. F. Rutherford, appellee, on January 7, 1935. On October 24, 1950, the appellant S. W. Hughes, who had previously acquired this judgment, caused the clerk of court to issue an execution thereon. The execution was placed in the hands of Stiles the United States marshal, who, on October 26, 1950, pursuant to said writ, levied on the two tracts of land in Lamar County, Texas, belonging to appellee. Prior to the date on which the property was to be sold under said execution the appellee brought this action in the court below against appellant and against N. S. Stiles in his capacity as United States marshal to enjoin the appellant from selling any part of the aforementioned lands and from attempting to enforce the judgment by virtue of which execution was issued.

The relief sought by appellee was bottomed on two grounds: (1) that the two tracts levied on (hereinafter referred to as the 99 acre tract and the 1 acre tract) constituted the homestead of appellee under the constitution and laws of Texas and (2) that the judgment forming the basis of the execution was dormant at the time the

execution was issued on October 24, 1950, and barred by the ten-year statute of limitation prescribed by Art. 5532, Vernon's Ann. Civ.St.

The appellant answered joining issue with the appellee and in addition, filed a counter-claim seeking foreclosure of the judgment lien upon the land and order of sale.

The trial court held that the 1 acre tract was the appellee's homestead and that the 99 acre tract did not constitute any part thereof. These findings are not challenged on this appeal. The court further held that the judgment was dormant and could not support an execution because the Texas statutes [1] requiring the issuance of an execution within ten years after the rendition of a judgment had not been complied with. On the basis of these holdings, the court granted the relief sought by appellee and denied the relief sought by the appellant, and the latter appealed.

The only question to be decided is whether the communications between appellant Hughes and the marshal in connection with the delivery to the marshal of a previous execution dated December 30, 1944, were, under all the circumstances, an "issuance" of said execution within the meaning of the Texas law.

The first communication between Hughes and the marshal was a letter of January 29, 1945, transmitting the execution along with sixteen others, which read as follows:

"I hand you herewith 17 Executions issued on December 30, 1944, out of your Court there by the clerk thereof, for you (sic) convenience in executing the same. We have had a check made and find nothing that would be subject to execution, and after you have done so, if nothing is found, make you (sic) return state that after diligent search and inquiry no property found subject to execution, and return the same to the clerk there, and let us have bill for you (sic) statutory fees, and voucher will issue for same: (Listing the cases.)

"I am sure you will understand the above, however, if you need other information kindly advise me. If you find anything that is subject to execution kindly give us description and we will give you instructions as to making levy and sale of the same. Thank you very much."

The marshal replied on February 5, 1945, as follows:

"Replying to yours of January 29, addressed to my Deputy at Paris, Texas:

"The writs and your letter have been received in my office here and we will be glad to make the return on the execution at statutory fees of $1.00 each, total $17.00. However, if you wish the Deputy to make a search for property subject to execution, you can make a deposit with me for $25.00 to cover his expenses in doing so.

"If you wish returns made on the executions, please let us have remittance for $17.00 and same will be made."

and under date of February 8, 1945, Hughes wrote the marshal as follows:

"Complying with yours of the 3rd. instant, we had (sic) you herewith our Liquidation check No. 2322 for $17.00 your fees for the handling of the 17 Executions issued out of the Parish Division of the Court, and to cover your fees for making proper returns on each.

"When you have completed this work will you give us the dates of your returns, so we will have a record here in our office."

In concluding that the judgment was dormant at the time the execution sought to be enjoined was issued, the district court recognized the fact that the writ was sued out in time, in that within the ten year period the execution was issued by the clerk and delivered to Hughes for delivery to the marshal. The court also recognized that the letter of January 29th could be construed as meaning that Hughes contemplated that the marshal would make a search for property subject to execution, but nevertheless concluded that the subsequent communications were equivalent to a request on the part of Hughes that the mar-

1. Articles 3773, 5449, Revised Civil Statutes of Texas, Vernon's Ann.Civ.St.

shal make a *nulla bona* return on the execution and therefore there was not a bona fide issuance of an execution but it was a mere formality. In support of this view the district judge relied on Harrison v. Orr, Tex.Com.App., 296 S.W. 871, and Commerce Trust Co. v. Ramp, 135 Tex. 84, 138 S.W.2d 531.

We agree with the appellant that the district judge has misconceived and misapplied these cases. These cases were decided upon the general principle that where at the time the execution was delivered to the sheriff, the plaintiff told the sheriff not to enforce it by levy or not really to try to execute it, there was no "issuance" of an execution within the meaning of the law. We recognize this general principle that a judgment creditor cannot sue out the writ and at the same time interfere with the officer executing it, but we think it clear that neither of the cited cases are in point with the facts of the instant case. What the trial court failed to recognize was that it is the purport of the instructions accompanying the initial delivery of the writ to the officer, and not the subsequent course of the matter, that determines whether or not the issuance is complete. The cases which set the applicable rule and clearly distinguish the Ramp and Orr cases are Carpenter v. Probst, Tex.Civ.App., 247 S.W. 2d 460; R. B. Spencer & Co. v. Harris, Tex. Civ.App., 171 S.W.2d 393; Walker-Smith Co. v. Coker, Tex.Civ.App., 176 S.W.2d 1002. Applying the rules of these cases, we find that the execution was duly delivered to the marshal and that the letter of January 29, 1945, which accompanied delivery did not in any way purport to detract from the enforcement of the writ, but on the contrary, suggested that the marshal make diligent search for property subject to execution. We therefore conclude that the execution was issued within the meaning of Article 3773, Vernon's Ann.Civ.St.; that the judgment is not dormant or barred by limitations, and that the abstract of judgment filed on January 29, 1945, in Lamar County, Texas, in compliance with the provisions of Article 5449, fixed a valid judgment lien upon the land in question, which lien still exists and should be foreclosed.

The judgment of the trial court decreeing that the appellant Hughes be permanently enjoined and restrained from enforcing or attempting to enforce the judgment rendered on January 7, 1935, will be reversed, vacated, and set aside, and the cause is remanded with directions that judgment be entered that appellee take nothing by his suit and that appellant, in his counterclaim, recover of appellee judgment for foreclosure of the judgment lien upon the 99 acres of land and for order of sale and for costs.

Reversed and remanded.