**Fernando WILLIAMS and Richard Crawford, Appellants,**

v.

**W.F. SHORT, Appellee.**

**No. B14–86–722–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

April 9, 1987.

Rehearing Denied May 7, 1987.

Douglas A. Sandvig, Houston, for appellants.

Ben D. Tobor, Debra Des Champs, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

This is an appeal from a summary judgment. On March 19, 1975, a judgment was entered against appellee. A writ of execution was prepared on March 13, 1985, but was not delivered to the proper officer until June 6th. This first writ was returned unserved because it had expired. A second writ of execution was prepared on March 20th. This writ was delivered to a proper officer on April 1st and returned May 22nd marked *nulla bona*. Appellee moved for summary judgment seeking to enjoin appellants from collecting on the March 19, 1975, judgment because it had become dormant. Appellants moved for a summary judgment declaring the judgment valid and subsisting. The trial court granted summary judgment in favor of appellee. We affirm.

In two points of error appellants complain that the trial court erred in granting appellee's motion and overruling appellants'. The statute governing preservation of judgment is to be strictly construed. *Commerce Trust Co. v. Ramp*, 135 Tex. 84, 138 S.W.2d 531, 536 (1940). Dormancy of judgments is controlled by § 34.001 of the Texas Civil Practice and Remedies Code which provides:

(a) If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived.

(b) If a writ of execution is issued within 10 years after rendition of a judgment but a second writ is not issued within 10 years after issuance of the first writ, the judgment becomes dormant. A second writ may be issued at any time within 10 years after issuance of the first writ.

The term "issue" means more than mere clerical preparation of the writ and *requires* that it be delivered to an officer for enforcement. *Bourn v. Robinson*, 49 Tex.Civ.App. 157, 107 S.W. 873, 875 (1908) (no writ). The judgment creditor must carry the burden, in establishing "is-

suance" within the statutory period, to prove not only a clerical preparation within the time period, but also either actual delivery to the appropriate officer within the period or, if actual delivery is made after expiration of the period, then reasonable diligence in making delivery from the date shown on the writ until actual delivery to the officer. *Ross v. American Radiator & Standard San. Corp.*, 507 S.W.2d 806, 809 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r. e.).

 The first writ was clerically prepared within the statutory period. However, it was not delivered to an officer for execution until two months and twenty-four days after it was issued. Appellants' affidavit attempts to show affirmative action and due diligence with regard to the *second* writ, but the record is silent as to the reason for the delay in delivering the first writ. The appellant has not met his burden of showing due diligence in delivering the first writ. *Ross v. American Radiator & Standard San. Corp.*, 507 S.W.2d at 810.

 The second writ was not prepared during the statutory period and is, therefore, invalid. No showing of affirmative action and due diligence could cause the second writ to preserve the judgment. Appellants argue that the second writ was effective as an alias execution sufficient to keep the judgment from becoming dormant. An alias execution is one issued after a previous writ has been issued and returned without having accomplished its purpose. Black's Law Dictionary 66 (5th ed. 1979). In this case the first writ was returned unserved after the second writ had been served and returned. The second writ was not a valid alias execution.

 Neither the first nor the second writ was sufficient to preserve the judgment. The period provided for in Tex.Civ.Prac. & Rem.Code Ann. § 34.001 (Vernon 1986) has expired. The judgment is, therefore, not only dormant but also forever barred. *Arroyo Colorado Navigation District v. Young*, 285 S.W.2d 308, 309 (Tex.Civ.App. —Austin 1955, writ ref'd n.r.e.); Tex.Civ.

Prac. & Rem.Code Ann. § 31.006 (Vernon 1986).

The first and second points of error are overruled. The judgment of the trial court is affirmed.