

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

October 11, 2000

The Honorable Tim Curry
Tarrant County Criminal District Attorney
Justice Center
401 West Belknap
Fort Worth, Texas 76196-0201

Opinion No. JC-0292

Re: Whether the $1 fee that a county clerk charges to issue "a noncertified copy of a page or part of a page of a document," TEX. LOC. GOV'T CODE ANN. §§ 118.011(a)(4), .0145(a) (Vernon 1999 & Supp. 2000), includes the cost of locating requested information that is no more than fifty pages long, and related question (RQ-0249-JC)

Dear Mr. Curry:

Sections 118.011 and 118.0145 of the Local Government Code, which specially regulate the noncourt fees that a county clerk may or must collect, require a county clerk to collect $1 "for issuing a noncertified copy of each page or part of a page of a document." TEX. LOC. GOV'T CODE ANN. §§ 118.011(a)(4), .0145(a) (Vernon 1999 & Supp. 2000). Section 118.011 additionally allows a clerk to charge a reasonable fee for "performing other duties prescribed or authorized by statute" if no other fee is prescribed. *Id.* § 118.011(c) (Vernon Supp. 2000). Under section 552.261 of the Government Code, one of the Public Information Act's cost provisions, a governmental body may charge only photocopying costs in response to a request for public information, if the request is for fifty or fewer pages of paper records that are located in one building and that are not located in "a remote storage facility." TEX. GOV'T CODE ANN. § 552.261(a) (Vernon Supp. 2000). You raise the issue whether, when a county clerk receives a request for noncertified copies of fifty or fewer pages of public information that is located in one building (not a remote storage facility), the clerk may charge under section 118.011(c) a reasonable fee for labor costs.[1] The clerk may not. The clerk may charge only $1 per page or part of a page, as section 118.011(a)(4) dictates for noncertified copies. *See* TEX. LOC. GOV'T CODE ANN. § 118.011(a)(4) (Vernon Supp. 2000).

You specifically ask: "[W]hich statute takes precedence in the case of searches within one building's records (where the building is not a remote storage facility) which result in production of less than fifty pages of public information: Government Code § 552.261(a), . . . or Local Government Code § 118.011(c)?" *See* Request Letter, *supra* note 1, at 1-2. Your question appears

---

[1]Letter from Honorable Tim Curry, Tarrant County Criminal District Attorney, to Honorable John Cornyn, Attorney General (June 13, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

to mistakenly assume that the $1 fee required by section 118.011(a)(4) for issuing noncertified copies does not include labor costs that may be incurred in providing the noncertified copies.

As you ask only about a request for fewer than fifty pages of public information, all of which is located in one building or in physically connected buildings (not a remote storage facility), we limit our answer to such a request. We further understand you to ask only about the costs that may be charged for paper copies.

Section 118.011 of the Local Government Code sets a county clerk's noncourt fees. Subsection (a)(4) requires a county clerk to "collect . . . for services rendered to any person" $1 "for each page or part of a page" of noncertified papers. TEX. LOC. GOV'T CODE ANN. § 118.011(a)(4) (Vernon Supp. 2000). The subsection also expressly refers to section 118.0145 of the same code, which indicates what the noncertified-paper fee is for: "The fee for 'Noncertified Papers' under Section 118.011 is for issuing a noncertified copy of each page or part of a page of a document." *Id.* § 118.0145(a) (Vernon 1999). Subsection (c) of section 118.011 provides the catch-all upon which your question relies: "The clerk shall charge reasonable fees for performing other duties prescribed or authorized by statute for which a fee is not prescribed by this subchapter." *Id.* § 118.011(c) (Vernon Supp. 2000).

Your question juxtaposes section 118.011 with a cost provision of the Public Information Act, section 552.261 of the Government Code. Section 552.261 precludes a governmental body from charging for materials, labor, or overhead associated with fulfilling a request for public information if

- the request is for fifty or fewer pages;
- the documents are located in one building or in physically connected buildings; and
- the documents are not located in a remote storage facility.

*See* TEX. GOV'T CODE ANN. § 552.261(a) (Vernon Supp. 2000); *see also id.* § 552.261(c) (describing physical connection between buildings).

A prior opinion of this office, Letter Opinion 96-082, notes a conflict between section 118.011(a)(4) of the Local Government Code and the Public Information Act's cost provisions. *See* Tex. Att'y Gen. LO-96-082, at 2. Section 552.265 of the Government Code, at the time the letter opinion was issued, provided that "[t]he charge for a copy made in a district or county clerk's office may not be more than the actual cost of copies, as provided by Sections 552.261 and 552.262, unless a certified record . . . is requested." *See* TEX. GOV'T CODE ANN. § 552.265, *amended by* Act of June 1, 1997, 75th Leg., R.S., ch. 1231, § 4, sec. 552.265, 1997 Tex. Gen. Laws 4697, 4699. The letter opinion states that section 552.265 "directly conflicts with the one-dollar fee mandated by section 118.011(a)(4)" of the Local Government Code. Tex. Att'y Gen. LO-96-082, at 2. Because section 118.011(a)(4) was enacted after section 552.265, the opinion concludes, "section 118.011 prevails over section 552.265, to the extent the latter statute applies to county clerks." *Id.* The language in

section 552.265 at issue in Letter Opinion 96-082 is substantially similar to section 552.261 of the Government Code, which we are addressing here.

Consistently with Attorney General Letter Opinion 96-082, we conclude that, at least with respect to a request to a county clerk for noncertified copies of fifty or fewer pages of paper records that are located in one nonremote building or in nonremote physically connected buildings, section 118.011(a)(4) of the Local Government Code prevails over section 552.261(a) of the Government Code.

When two statutes conflict, a special provision "prevails as an exception to the general provision" unless the legislature adopted the general provision later and manifestly intended the general provision to prevail. *See* TEX. GOV'T CODE ANN. § 311.026 (Vernon 1998). The legislature amended section 552.261(a) of the Government Code to add the cost provisions relating to fifty or fewer copies in 1995. *See* Act of May 29, 1995, 74th Leg., R.S., ch. 1035, § 16, sec. 552.261, 1995 Tex. Gen. Laws 5127, 5136. The legislature added the noncertified papers cost provision to section 118.011 of the Local Government Code in 1993. *See* Act of May 26, 1993, 73d Leg., R.S., ch. 554, § 1, 1993 Tex. Gen. Laws 2061, 2061. Thus, section 552.261(a) of the Government Code is the later-enacted provision.

But we conclude that section 118.011 prevails as an exception to the Public Information Act's more general cost provisions. Section 118.011 pertains specifically to a county clerk's records and therefore creates an exception to section 552.261(a) absent a contrary legislative intent. And nothing in the 1995 act amending section 552.261 of the Government Code indicates that the Public Information Act's cost provisions should prevail over cost provisions that are county-clerk specific. Indeed, as it was introduced, the 1995 bill that amended section 552.261 also proposed to amend section 118.0145 of the Local Government Code so that the Local Government Code explicitly would provide that the Public Information Act's cost provisions prevail over the county clerk's cost provisions in section 118.011 of the Local Government Code:

> (b) To the extent that the amount of the fee conflicts with the amount determined under Section 552.265, Government Code, the amount determined under that section controls.

Tex. H.B. 1718, 74th Leg., R.S. (1995). The House Committee on State Affairs deleted the amendment. *See* HOUSE COMM. ON STATE AFFAIRS, Bill Analysis, Tex. H.B. 1718, 74th Leg., R.S. (1995). While we cannot say that this deletion indicates a legislative intent that section 118.011 of the Local Government Code would prevail over section 552.261 of the Government Code, we believe it counters any suggestion that the legislature manifestly intended the 1995 amendments to section 552.261 to supersede section 118.011 of the Local Government Code.

Moreover, the $1 fee provided for noncertified copies in section 118.011(a)(4) includes all costs associated with locating and producing the copies. Section 118.0145 of the Local Government Code states that the $1 fee "is for *issuing* a noncertified document." TEX. LOC. GOV'T CODE ANN.

§ 118.0145(a) (Vernon 1999); *see also id.* § 118.011(a)(4) (Vernon Supp. 2000). Thus, we must define "issuing" to properly construe section 118.0145.

This office's past definitions of the verb "issue" and its derivatives do not resolve whether, in this instance, the term includes all costs associated with locating and producing a noncertified document. Attorney General Opinion H-552, for example, states that, for the purposes of the statute establishing costs county clerks were to charge for "issuing" certified documents, the term "means something more than merely providing a copy." Tex. Att'y Gen. Op. No. H-552 (1975) at 3. Rather, with respect to certified documents, the term means a document that the clerk "sends out officially as authoritative or binding." *See id.* at 4. Letter Opinion 96-082, relying upon the "common definition of the term," states that "when a clerk issues a copy of a document," he or she will copy or obtain a copy of an original and deliver that copy "to the person who requested and paid for it." Tex. Att'y Gen. LO-96-082, at 3. Thus, "the fee prescribed [by statute] for issuing copies of documents includes making the copies." *Id.* You do not ask about costs of making copies, though; you ask about costs preliminary to copying, such as locating requested documents.

Rather, we define the term "issue" consistently with common usage to encompass clerical preparation, such as finding the document to be copied. *See id.* When construing the words and phrases that make up a statute, we apply their common usages, unless the legislature has directed otherwise. *See* TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998) (directing construer to read word or phrase in context and according to rules of grammar and common usage unless word or phrase is term of art). The verb "issue" encompasses "[t]o . . . be sent forth officially or publicly; to be published or emitted," as well as " to give things out to (a person); to supply (a person) *with.*" VIII OXFORD ENGLISH DICTIONARY 137 (2d ed. 1989). Various cases state that, with respect to the issuance of an execution of judgment, "issuance" encompasses not only delivery of the writ of execution to an officer who will enforce it but also the writ's "clerical preparation." *Carpenter v. Probst*, 247 S.W.2d 460, 461 (Tex. Civ. App.–San Antonio 1952, writ ref'd); *Walker-Smith Co. v. Coker*, 176 S.W.2d 1002, 1010 (Tex. Civ. App.–Eastland 1943, writ ref'd w.o.m.); *Cotten v. Stanford*, 147 S.W.2d 930, 933 (Tex. Civ. App.–Amarillo 1941, no writ); *see also Delta County Levee Improvement Dist. No. 2 v. Leonard*, 516 S.W.2d 911, 913 (Tex. 1974), *cert. denied*, 423 U.S. 829 (1975) (stating that, "[i]n allowing execution under the circumstances presented in this case, no violence is done to the definition of 'issuance' as contemplated by prior decisions") (citing *Carpenter*). Thus, the $1 fee set in section 118.011(a)(4) is the total charge that a county clerk may levy for each noncertified page or part of a page requested for paper copies. *Cf. Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.*, 931 F. Supp. 474, 483 (S.D. Tex. 1996) (stating that fifteen cents per page is "reasonable copy cost").

Similarly, section 118.011(c) of the Local Government Code does not encompass labor costs associated with locating documents sought in a request for no more than fifty noncertified paper copies, where the documents are located in one nonremote building or in physically connected buildings. Section 118.011(c) requires a county clerk to "charge reasonable fees for performing other duties prescribed or authorized by statute for which a fee is not prescribed by this subchapter." *Permian Report v. Lacy* suggests that this language, together with section 118.024 of the Local

Government Code, which permits a person to copy documents in a county clerk's office "without paying any charge," precludes a clerk of court from requiring a party who wishes to copy documents to reimburse the clerk "for the cost of a supervisor who will control the reproduction procedure." *Permian Report v. Lacy*, 817 S.W.2d 175, 177-78 (Tex. App.–El Paso 1991, writ denied). Moreover, the phrase "duties prescribed or authorized by statute," used in section 118.011(c), denotes sovereign functions the legislature has delegated to a county clerk that are either mandatory or discretionary. The phrase does not include administrative or clerical functions that are necessary to perform the services for which section 118.011(a) enumerates a specific fee.

## S U M M A R Y

With respect to a request for fifty or fewer copies of public information located in one nonremote building or in nonremote, physically connected buildings, a county clerk must collect a fee of $1 to issue each page or part of a page of requested, noncertified copies. *See* TEX. LOC. GOV'T CODE ANN. § 118.011(a)(4) (Vernon Supp. 2000). This $1 fee includes all labor costs associated with locating the original documents, and a county clerk may not charge an additional fee under section 118.011(c) of the Local Government Code for locating the original documents. Section 118.011(a)(4) of the Local Government Code prevails over section 552.261 of the Government Code to the extent the two cost provisions are inconsistent.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee