Reversed and Rendered and Opinion filed January 16, 2003









Reversed and Rendered and Opinion filed January 16,
2003.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00172-CV

____________

 

ROBERTO TRAD, NAZRY HASBUN, and
MIGUEL S. HASBUN, Appellants

 

V.

 

COLONIAL COINS, INC. and DR. GEORGE
W. VOGT, Appellees

 



 

On Appeal from the 55th District Court

Harris County, Texas

Trial Court Cause No. 89-03027

 



 

M E M O R A N D U M   O
P I N I O N

Appellants, Roberto Trad, Nazry Hasbun, and Miguel Hasbun,
bring this appeal.  The trial court
denied appellants= petition for scire facias to revive a dormant judgment.  We conclude the trial court erred in denying
this motion, and reverse the trial court=s judgment.  We grant appellants= petition for scire facias, and
revive appellants= dormant judgment.

FACTUAL AND PROCEDURAL BACKGROUND








On April 3, 1989, appellants recovered judgment against
appellees for $264,621.22.  On June 23,
1989, appellants filed and entered a writ of execution to collect on their
judgment; they collected $20,000.  On
October 25, 1989, appellants attempted to issue a second writ of execution
called an alias writ of execution. 
According to the record, Bill Bailey, a Harris County Constable,
received the alias writ of execution on November 10, 1989.  On January 2, 1990, Bailey attempted to issue
the writ, but returned the writ nulla bona. 
He stated the following:  “[r]eturn to court nulla bona per instruction of plaintiffs
attorney who states that defendant is claiming property levied on by the
constable=s office is his homestead.”

More than ten years later, on October 17, 2001, the
appellants attempted to revive the judgment by filing a petition for scire
facias.  The trial judge denied
appellants= petition for scire facias and denied
appellants= motion to present testimony because
the court found appellants filed both motions outside the time period
established by law.  Appellants brought
this appeal.

DISCUSSION

Appellants raise three points of error.  Combined in their first two issues,
appellants contend the trial court erred when it denied the petition for scire
facias because appellants timely filed the alias writ of execution.   Because we find the trial court should have
granted appellant=s petition for scire facias, we do not address appellants= final issue that the trial court
erred by not granting a hearing regarding their motion.

In Texas, a judgment can become forever dormant if the party
attempting to enforce the judgment fails to take the proper steps.   The Texas Civil Practice and Remedies Code
provides the following:

(a)       If a writ of execution is not issued within 10 years after the
rendition of a judgment of a court of record or a justice court, the judgment
is dormant and execution may not be issued on the judgment unless it is
revived.








(b)       If a writ of execution is issued within 10 years after
rendition of a judgment but a second writ is not issued within 10 years after
issuance of the first writ, the judgment becomes dormant.  A second writ may be issued at any time
within 10 years after issuance of the first writ.   

Tex. Civ. Prac. & Rem. Code Ann. ' 34.001.  Here, the original judgment was rendered on
April 3, 1989.  Appellants issued a writ
of execution within 10 years of the original judgment on June 23, 1989.  The appellants attempted to issue an alias
writ of execution on October 25, 1989. 
If appellants= attempt was proper, the original judgment would not become
dormant until October 25, 1999.  If it
was improper, the dormancy would occur on June 23, 1999.  

After a judgment becomes dormant, it “may be revived by scire
facias ... not later than the second anniversary of the date that the judgment
becomes dormant.”  Tex. Civ. Prac. & Rem. Code Ann. ' 31.006.  This means if appellants properly issued the
writ, they had until October 25, 2001 to revive the dormant judgment by scire
facias.  If appellants improperly issued
the writ, they had until June 23, 2001 to revive the dormant judgment.  The appellants filed their petition for scire
facias on October 17, 2001.  Therefore,
it is decisive to this case whether appellants properly issued the alias writ
of execution.

Proper issuance of the alias writ of execution involves two
factors.  Williams v. Short, 730
S.W.2d 98, 99 (Tex. App.CHouston [14th Dist.] 1987, writ ref=d n.r.e.).  First, a clerical preparation of the writ
must occur.  Second, the writ must be
unconditionally delivered to an officer for enforcement in the manner provided
by law.  Id.; see also Harrison
v. Orr, 296 S.W. 871, 875 (Tex. 1927). 
When the officer receives the writ unconditionally, a presumption arises
that the officer performed his duty and executed the writ.  Carpenter v. Probst, 247 S.W.2d 460,
461 (Tex. Civ. App.CSan Antonio 1952, writ ref=d). 
If there is no showing Athat the officer was in any way thwarted or deterred from
performing his duty@ issuance is presumed complete.  Id. 
However, if a plaintiff at the time of delivery requests the
officer not to enforce the writ, issuance is not complete.  R.B. Spencer & Co. v. Harris, 171
S.W.2d 393, 394 (Tex. Civ. App.CAmarillo 1943, writ ref=d) (emphasis added). 








Here, appellants met the requirements for scire facias.  Appellants had the alias writ of execution
prepared on October 25, 1989.  Appellants
unconditionally delivered the writ to Bailey on November 10, 1989.  At the time of delivery, appellants
instructed Bailey to issue the writ. 
Almost two months later, after appellants= attorney learned the property was
protected by a homestead exemption, appellants= attorney requested the writ to be
returned nulla bona.  Appellants= attorney did not instruct Bailey to
return the writ nulla bona when he first delivered it to the officer.  Therefore, we find appellants properly issued
the alias writ of execution, and appellants had until October 25, 2001 to file
for scire facias.  They filed within the
deadline, and their judgment should be revived.

Therefore, we reverse the trial court=s judgment and grant appellants= petition for scire facias, reviving
the dormant judgment.

 

 

/s/        Paul C. Murphy

Senior Chief Justice

 

 

 

 

 

 

Judgment rendered and Opinion filed January 16, 2003.

Panel consists of Chief Justice Brister, Justices Hudson and Murphy.[1]


 











[1]  Senior
Chief Justice Paul C. Murphy participating by assignment.