Opinion issued on June 8, 2006






 



     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00765-CV




FRANK A. ROLLINS, IND. AND D/B/A LORD’S PHARMACY, Appellant

V.

AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.,
Appellee




On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 1985-37819




O P I N I O N
          Appellant, Frank A. Rollins, Individually, and d/b/a Lord’s Pharmacy,
challenges the trial court’s denial of his Motion for Declaratory Judgment and its
judgment in favor of appellee, American Express Travel Related Services Company
(“AMEX”). In two issues, Rollins asks (1) whether the first writ of execution or the
second writ, alleged to be an alias execution, was sufficient to preserve the judgment,
and (2) whether the trial court’s failure to respond to his request for findings of fact
and conclusions of law prevented him from properly presenting his case to the
appellate court. We affirm.
Background
          On September 25, 1985, the trial court entered judgment against Rollins in
favor of AMEX in the amount of $20,516.95, plus interest. Eight years after the
judgment was issued by the trial court, a “Request for Writ of Execution”


 was made
by AMEX’s counsel. The record reflects that the $8.00 application fee was paid and
a writ of execution was prepared by the clerk’s office on May 26, 1993. The record
is silent, however, as to what transpired between the May 26, 1993 preparation of the
first writ and a second writ, which issued September 15, 1995. Thereafter, third,
fourth, and fifth writs were issued on December 7, 1995, July 18, 1996, and April 27,
1998, respectively.



          The first writ, issued on May 26, 1993, did not have an officer’s return affixed
to it; however, each writ issued thereafter stated that the writ issued on May 26, 1993
“was returned endorsed as follows: nothing collect.” The second writ, issued on
September 15, 1995, is alleged to be an “alias execution,”


 and has the “nulla bona,”
or “nothing collected,” officer’s return affixed to it. When AMEX sought to collect
on the judgment, Rollins filed a Motion for Declaratory Judgment alleging that the
judgment had become dormant.
          The trial court held a hearing on the Motion for Declaratory Judgment and
requested additional written argument following that hearing. On June 2, 2004, the
trial court signed an order denying Rollins’s motion, stating in relevant part: “The
Court finds that there was ‘a writ’ was (sic) issued during the period proscribed (sic)
by statute.” Rollins filed a timely request for findings of fact and conclusions of law. 
The trial court never responded to that request.
Writs of Execution
          In his first issue, Rollins asks whether the first writ of execution or the second
writ, allegedly an alias execution, was sufficient to preserve the judgment. He argues
that AMEX has failed to carry its burden of proving that the September 25, 1985
judgment was preserved.
Standard of Review
          We review declaratory judgments under the same standards as other judgments
and decrees. City of Galveston v. Giles, 902 S.W.2d 167, 170 (Tex.App.—Houston
[1st Dist.] 1995, no writ). We look to the procedure used to resolve the issue at trial
to determine the standard of review on appeal. Id. To resolve the issue of whether
the 1985 judgment has been preserved or is dormant, we must look to the statute
governing preservation and dormancy of judgments. See Tex. Prac. & Rem. Code
Ann. § 34.001 (Vernon 1997). 
          Section 34.001 of the Texas Civil Practice and Remedies Code provides the
following:
(a) If a writ of execution is not issued within 10 years after rendition of
a judgment of a court of record or a justice court, the judgment is
dormant and execution may not be issued on the judgment unless it is
revived.
 
(b) If a writ of execution is issued within 10 years after rendition of a
judgment but a second writ is not issued within 10 years after issuance
of the first writ, the judgment becomes dormant. A second writ may be
issued at any time within 10 years after issuance of the first writ. 

Tex. Prac. & Rem. Code Ann. § 34.001(a) and (b).

Disposition of the First Writ

          Rollins argues that the record fails to show that the May 26, 1993 writ was
“issued” as the term is defined in Williams v. Short, 730 S.W.2d 98 (Tex. Civ.
App.—Houston [14th Dist.] 1987, writ ref’d n.r.e.); thus, the judgment became
dormant and has not been properly revived. The court in Williams held that the term
“issue” means more than mere clerical preparation of the writ and “requires that [the
writ] be delivered to an officer for enforcement.” Id. at 99. The judgment creditor
carries the burden of proving not only clerical preparation of the writ within the
statutory time period, but also either actual delivery to the appropriate officer within
the period or, if actual delivery is made after expiration of the statutory period, then
reasonable diligence in making delivery from the date shown on the writ until actual
delivery to the officer. Id. at 100 (citing Ross v. Am. Radiator & Standard San.
Corp., 507 S.W.2d 806, 809 (Tex. Civ. App.—Dallas 1974, writ ref’d n.r.e.)). 
          Rollins argues that the facts in Williams are almost identical to the facts in the
case at issue. In Williams, the judgment creditor prepared two writs of execution to
collect on its judgment. Williams, 730 S.W.2d at 99. The first writ was prepared six
days before the 10-year statutory period was set to expire, but it was not delivered to
the proper officer. Id. It was later returned unserved after the statutory period had
expired. Id. The court held that the first writ was not valid because it had not been
properly issued. Id. The writ was not properly issued because, although it had been
prepared before the expiration of 10 years from the date of judgment, it was not
delivered to the proper officer until almost three months later. Id. at 100. To meet
the requirements of issuance, there has to be both preparation of the writ and proper
delivery within the statutory period, unless the judgment creditor can show reasonable
diligence in making delivery to the officer after the period runs. Id. at 100. 
          In this case, Rollins argues that, because the record is silent as to what
happened to the first writ of execution after it was prepared, there is no valid issuance
of the first writ. We disagree. “The entire absence of a return does not negate an
issuance.” Carpenter v. Probst, 247 S.W.2d 460, 461 (Tex. Civ. App.—San Antonio
1952, writ ref’d). When successive writs of execution refer to an original writ of
execution, a presumption arises that the original execution was properly issued. Id.
          Here, each of the four writs issued after the first writ on May 26, 1993 states
that the first writ “was returned endorsed as follows: nothing collected.” We hold
that this notation on the writs issued after the first writ raises the presumption that the
original writ was properly issued, and no evidence refutes that presumption.
Disposition of the Second Writ
          Rollins contends that the trial court erroneously concluded that the second writ,
issued on September 15, 1995, was itself within the 10 years of the date of judgment
and extended the judgment on its own. In footnote one of its order denying Rollins’s
default judgment, the trial court stated: 
The Court notes that Rollins’ motion and memorandum of law attack the
validity of the writ issued on or about May 26, 1993. Without regard to
whether that writ is valid, the Court observes that “a writ” was issued on
or about September 15, 1995. Rollins’ motion and memorandum do not
attack the validity of this writ. This alone makes Rollins’ motion fatally
defective.
 
          Without acknowledging the above footnote in the trial court’s order, Rollins
attacks the validity of the September 15, 1995 writ on appeal. He cites Williams for
the proposition that, if there is no valid first writ of execution, an alias execution is
invalid as a second writ and cannot preserve the judgment. See Williams, 730 S.W.2d
at 100. An alias execution is defined as one issued after a previous writ has been
issued and returned without having accomplished its purpose. Id. 
          The second writ in Williams was declared invalid because it was not issued
during the statutory period. Id. The court also held that the second writ was not
effective as an alias execution because the first writ was returned after the second writ
had been served and returned. Id. Thus, neither the first nor the second writ was
sufficient to preserve the judgment in Williams. Id.
          Unlike in Williams, here, the record reflects that the second writ was prepared
within the 10-year statutory period. On September 15, 1995, the second writ was
prepared and delivered to an officer for enforcement on September 19, 1995. The 10-year statutory period was not set to run until September 25, 1995. Unlike the second
writ in Williams, the second writ in this case does not need the protection of an alias
execution. Because the second writ was prepared and delivered to the proper officer
within the statutory period, we hold that it was sufficient to preserve the judgment.
          Further, it is clear from the trial court’s order that it was following the plain
language of the statute when it held that the second writ was issued within the
statutory period. Section 34.001(a) provides that, “If a writ of execution is not issued
within 10 years after rendition of a judgment of a court of record or a justice court,
the judgment is dormant and execution may not be issued on the judgment unless it
is revived.” Tex. Civ. Prac. & Rem. Code Ann. §34.001(a) (emphasis added). The
statute does not require that the first writ be validly issued before a second writ can
be issued within the statutory period. The trial court found that the judgment was
preserved because there was “a writ” issued during the statutory period. We hold that
the September 15, 1995 writ was issued within the statutory period and has preserved
the judgment on its own. 
          We overrule Rollins’s first issue.
Findings of Fact and Conclusions of Law
          In his second issue, Rollins argues that the trial court erred in failing to respond
to his proper requests for findings of fact and conclusions of law. Rollins contends
that he has been prevented from properly presenting his case on appeal because he
has been compelled to guess the reasons for the court’s decision.
          As a general rule, the trial court’s duty to file findings of fact and conclusions
of law after a bench trial is mandatory. Cherne Indus. v. Magallanes, 763 S.W.2d
768, 772 (Tex. 1989). If a trial court fails to do so when all requests have been
properly made, the failure is presumed harmful unless the record affirmatively shows
that the complaining party has suffered no injury. Id. However, where the facts are
undisputed and the only matters presented on appeal are legal issues to be reviewed
de novo, the failure to file findings of fact and conclusions of law is harmless error.
Off. of the Att’y Gen. of Tex. v. Wilson, 24 S.W.3d 902, 905 (Tex. App.—Dallas 2000,
no pet.). 
          The record affirmatively shows that Rollins suffered no harm from the denial
of his request for findings of fact and conclusions of law. The only issue for the trial
court to decide was a question of law: whether or not the September 25, 1985
judgment in favor of AMEX had been preserved. The only finding necessary was
whether there had been a validly issued writ of execution under section 34.001 of the
Texas Civil Practice and Remedies Code. The following facts are undisputed: (1) 
a judgment was issued in favor of AMEX on September 25, 1985; (2) a first writ of
execution on that judgment was prepared May 26, 1993; (3) a second writ of
execution was issued on September 15, 1995 and returned “nulla bona;” (4) a third
writ was issued on December 7, 1995; (5) a fourth writ was issued on July 18, 1996;
and (6) a fifth writ was issued on April 27, 1998.
          The trial court’s order found that there was “a writ” issued during the statutory
10-year period. Footnote one of the order further explained that “a writ” was issued
on or about September 15, 1995. Read together, the trial court’s order impliedly finds
that the second writ, issued on September 15, 1995, was issued within the statutory
period and, therefore, preserved the judgment.
          We overrule Rollins’s second issue. 
Conclusion
          We affirm the judgment of the trial court.
                                                             George C. Hanks, Jr.
                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Hanks.