Frank A. ROLLINS, Ind. and d/b/a
Lord's Pharmacy, Appellant,

v.

AMERICAN EXPRESS TRAVEL RE-
LATED SERVICES COMPANY,
INC., Appellee.

No. 01–04–00765–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 8, 2006.

Rehearing En Banc Overruled
Sept. 15, 2006.

Freddie N. Jackson, Law Office of Freddie N. Jackson, Houston, for Appellant.

A. Lee McLain, McLain Law Firm, Houston, for Appellee.

Panel consists of Justices NUCHIA, KEYES, and HANKS.

## OPINION

GEORGE C. HANKS, JR., Justice.

Appellant, Frank A. Rollins, Individually, and d/b/a Lord's Pharmacy, challenges the trial court's denial of his Motion for Declaratory Judgment and its judgment in favor of appellee, American Express Travel Related Services Company ("AMEX"). In two issues, Rollins asks (1) whether the first writ of execution or the second writ, alleged to be an alias execution, was sufficient to preserve the judgment, and (2) whether the trial court's failure to respond to his request for findings of fact and conclusions of law prevented him from properly presenting his case to the appellate court. We affirm.

### Background

On September 25, 1985, the trial court entered judgment against Rollins in favor of AMEX in the amount of $20,516.95, plus interest. Eight years af-

ter the judgment was issued by the trial court, a "Request for Writ of Execution"[1] was made by AMEX's counsel. The record reflects that the $8.00 application fee was paid and a writ of execution was prepared by the clerk's office on May 26, 1993. The record is silent, however, as to what transpired between the May 26, 1993 preparation of the first writ and a second writ, which issued September 15, 1995. Thereafter, third, fourth, and fifth writs were issued on December 7, 1995, July 18, 1996, and April 27, 1998, respectively.[2]

■ The first writ, issued on May 26, 1993, did not have an officer's return affixed to it; however, each writ issued thereafter stated that the writ issued on May 26, 1993 "was returned endorsed as follows: nothing collect." The second writ, issued on September 15, 1995, is alleged to be an "alias execution,"[3] and has the *"nulla bona,"* or "nothing collected," officer's return affixed to it. When AMEX sought to collect on the judgment, Rollins filed a Motion for Declaratory Judgment alleging that the judgment had become dormant.

The trial court held a hearing on the Motion for Declaratory Judgment and requested additional written argument following that hearing. On June 2, 2004, the trial court signed an order denying Rollins's motion, stating in relevant part: "The Court finds that there was 'a writ' was (sic) issued during the period proscribed (sic) by statute." Rollins filed a timely request for findings of fact and conclusions of law. The trial court never responded to that request.

## Writs of Execution

In his first issue, Rollins asks whether the first writ of execution or the second writ, allegedly an alias execution, was sufficient to preserve the judgment. He argues that AMEX has failed to carry its burden of proving that the September 25, 1985 judgment was preserved.

### Standard of Review

■ We review declaratory judgments under the same standards as other judgments and decrees. *City of Galveston v. Giles,* 902 S.W.2d 167, 170 (Tex.App.-Houston [1st Dist.] 1995, no writ). We look to the procedure used to resolve the issue at trial to determine the standard of review on appeal. *Id.* To resolve the issue of whether the 1985 judgment has been preserved or is dormant, we must look to the statute governing preservation and dormancy of judgments. *See* TEX. PRAC. & REM.CODE ANN. § 34.001 (Vernon 1997).

Section 34.001 of the Texas Civil Practice and Remedies Code provides the following:

> (a) If a writ of execution is not issued within 10 years after rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived.

> (b) If a writ of execution is issued within 10 years after rendition of a judgment but a second writ is not issued within 10 years after issuance of the first writ, the judgment becomes dormant. A second

---

1. A "writ of execution" is sought by a judgment creditor to enforce judgments. *See Tx. Employers' Ins. Ass'n v. Engelke,* 790 S.W.2d 93, 94 (Tex.App.-Houston [1st Dist.] 1990, no writ).

2. Rollins is complaining only of the first two writs.

3. An "alias execution" is defined as one issued after a previous writ has been issued and returned without having accomplished its purpose. *See Williams v. Short,* 730 S.W.2d 98, 100 (Tex.Civ.App.-Houston [14th Dist.] 1987, writ ref'd n.r.e.).

writ may be issued at any time within 10 years after issuance of the first writ. TEX. PRAC. & REM.CODE ANN. § 34.001(a) and (b).

**Disposition of the First Writ**

■ Rollins argues that the record fails to show that the May 26, 1993 writ was "issued" as the term is defined in *Williams v. Short*, 730 S.W.2d 98 (Tex.Civ.App.-Houston [14th Dist.] 1987, writ ref'd n.r.e.); thus, the judgment became dormant and has not been properly revived. The court in *Williams* held that the term "issue" means more than mere clerical preparation of the writ and *"requires* that [the writ] be delivered to an officer for enforcement." *Id.* at 99. The judgment creditor carries the burden of proving not only clerical preparation of the writ within the statutory time period, but also either actual delivery to the appropriate officer within the period or, if actual delivery is made after expiration of the statutory period, then reasonable diligence in making delivery from the date shown on the writ until actual delivery to the officer. *Id.* at 100 (citing *Ross v. Am. Radiator & Standard San. Corp.*, 507 S.W.2d 806, 809 (Tex.Civ. App.-Dallas 1974, writ ref'd n.r.e.)).

Rollins argues that the facts in *Williams* are almost identical to the facts in the case at issue. In *Williams,* the judgment creditor prepared two writs of execution to collect on its judgment. *Williams,* 730 S.W.2d at 99. The first writ was prepared six days before the 10–year statutory period was set to expire, but it was not delivered to the proper officer. *Id.* It was later returned unserved after the statutory period had expired. *Id.* The court held that the first writ was not valid because it had not been properly issued. *Id.* The writ was not properly issued because, although it had been prepared before the expiration of 10 years from the date of judgment, it was not delivered to the prop-

er officer until almost three months later. *Id.* at 100. To meet the requirements of issuance, there has to be both preparation of the writ and proper delivery within the statutory period, unless the judgment creditor can show reasonable diligence in making delivery to the officer after the period runs. *Id.* at 100.

■ In this case, Rollins argues that, because the record is silent as to what happened to the first writ of execution after it was prepared, there is no valid issuance of the first writ. We disagree. "The entire absence of a return does not negate an issuance." *Carpenter v. Probst,* 247 S.W.2d 460, 461 (Tex.Civ.App.-San Antonio 1952, writ ref'd). When successive writs of execution refer to an original writ of execution, a presumption arises that the original execution was properly issued. *Id.*

■ Here, each of the four writs issued after the first writ on May 26, 1993 states that the first writ "was returned endorsed as follows: nothing collected." We hold that this notation on the writs issued after the first writ raises the presumption that the original writ was properly issued, and no evidence refutes that presumption.

**Disposition of the Second Writ**

Rollins contends that the trial court erroneously concluded that the second writ, issued on September 15, 1995, was itself within the 10 years of the date of judgment and extended the judgment on its own. In footnote one of its order denying Rollins's default judgment, the trial court stated:

The Court notes that Rollins' motion and memorandum of law attack the validity of the writ issued on or about May 26, 1993. Without regard to whether that writ is valid, the Court observes that "a writ" was issued on or about September

15, 1995. Rollins' motion and memorandum do not attack the validity of this writ. This alone makes Rollins' motion fatally defective.

Without acknowledging the above footnote in the trial court's order, Rollins attacks the validity of the September 15, 1995 writ on appeal. He cites *Williams* for the proposition that, if there is no valid first writ of execution, an alias execution is invalid as a second writ and cannot preserve the judgment. *See Williams*, 730 S.W.2d at 100. An alias execution is defined as one issued after a previous writ has been issued and returned without having accomplished its purpose. *Id.*

The second writ in *Williams* was declared invalid because it was not issued during the statutory period. *Id.* The court also held that the second writ was not effective as an alias execution because the first writ was returned after the second writ had been served and returned. *Id.* Thus, neither the first nor the second writ was sufficient to preserve the judgment in *Williams*. *Id.*

Unlike in *Williams*, here, the record reflects that the second writ was prepared within the 10–year statutory period. On September 15, 1995, the second writ was prepared and delivered to an officer for enforcement on September 19, 1995. The 10–year statutory period was not set to run until September 25, 1995. Unlike the second writ in *Williams*, the second writ in this case does not need the protection of an alias execution. Because the second writ was prepared and delivered to the proper officer within the statutory period, we hold that it was sufficient to preserve the judgment.

■ Further, it is clear from the trial court's order that it was following the plain language of the statute when it held that the second writ was issued within the statutory period. Section 34.001(a) provides

that, "If *a* writ of execution is not issued within 10 years after rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived." TEX. CIV. PRAC. & REM.CODE ANN. § 34.001(a) (emphasis added). The statute does not require that the first writ be validly issued before a second writ can be issued within the statutory period. The trial court found that the judgment was preserved because there was "a writ" issued during the statutory period. We hold that the September 15, 1995 writ was issued within the statutory period and has preserved the judgment on its own.

We overrule Rollins's first issue.

## Findings of Fact and Conclusions of Law

In his second issue, Rollins argues that the trial court erred in failing to respond to his proper requests for findings of fact and conclusions of law. Rollins contends that he has been prevented from properly presenting his case on appeal because he has been compelled to guess the reasons for the court's decision.

■ As a general rule, the trial court's duty to file findings of fact and conclusions of law after a bench trial is mandatory. *Cherne Indus. v. Magallanes*, 763 S.W.2d 768, 772 (Tex.1989). If a trial court fails to do so when all requests have been properly made, the failure is presumed harmful unless the record affirmatively shows that the complaining party has suffered no injury. *Id.* However, where the facts are undisputed and the only matters presented on appeal are legal issues to be reviewed de novo, the failure to file findings of fact and conclusions of law is harmless error. *Off. of the Att'y*

*Gen. of Tex. v. Wilson,* 24 S.W.3d 902, 905 (Tex.App.-Dallas 2000, no pet.).

The record affirmatively shows that Rollins suffered no harm from the denial of his request for findings of fact and conclusions of law. The only issue for the trial court to decide was a question of law: whether or not the September 25, 1985 judgment in favor of AMEX had been preserved. The only finding necessary was whether there had been a validly issued writ of execution under section 34.001 of the Texas Civil Practice and Remedies Code. The following facts are undisputed: (1) a judgment was issued in favor of AMEX on September 25, 1985; (2) a first writ of execution on that judgment was prepared May 26, 1993; (3) a second writ of execution was issued on September 15, 1995 and returned "nulla bona;" (4) a third writ was issued on December 7, 1995; (5) a fourth writ was issued on July 18, 1996; and (6) a fifth writ was issued on April 27, 1998.

The trial court's order found that there was "a writ" issued during the statutory 10–year period. Footnote one of the order further explained that "a writ" was issued on or about September 15, 1995. Read together, the trial court's order impliedly finds that the second writ, issued on September 15, 1995, was issued within the statutory period and, therefore, preserved the judgment.

We overrule Rollins's second issue.

### Conclusion

We affirm the judgment of the trial court.