

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

## No. 07-24-00070-CV

### IN THE MATTER OF THE MARRIAGE OF SARAH GAITHER AND JAMES LOUIS GAITHER III AND IN THE INTEREST OF M.M.G., A CHILD

On Appeal from the 45th District Court
Bexar County, Texas
Trial Court No. 2022-CI-16606, Honorable Antonia Arteaga, Presiding

August 8, 2024

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, James Gaither (Father), appeals[1] from the trial court's *Final Decree of Divorce*. Father and Appellee Sarah Gaither (Mother) are the parents of one child, M.M.G.[2] By his first issue, Father avers despite his timely request for findings of fact and conclusions of law and timely notice of past due findings, none were filed by the trial court and as a result he was harmed. Agreeing with Father that he is entitled to findings of fact

---

[1] This appeal was originally filed in the Fourth Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

[2] To protect M.M.G.'s privacy, we refer to her by initials. *See* TEX. FAM. CODE ANN. § 109.002(d).

and conclusions of law, we abate this appeal and remand the cause to the trial court for filing findings of fact and conclusions of law.

Upon a timely request, the trial court in a bench trial must file written findings of fact and conclusions of law. *Nev. Gold & Silver, Inc. v. Andrews Indep. Sch.,* 225 S.W.3d 68, 77 (Tex. App.—El Paso 2005, no pet.). Because the trial court's duty to file findings and conclusions is mandatory, a trial court's failure to do so when all requests have been properly made is presumed harmful, unless "the record before the appellate court affirmatively shows that the complaining party has suffered no injury." *Cherne Indus., Inc. v. Magallanes,* 763 S.W.2d 768, 772 (Tex. 1989) (citing *Wagner v. Riske,* 142 Tex. 337, 178 S.W.2d 117, 120 (1944)). When the trial court's reasons for its judgment are apparent from the record, the presumption of harm is rebutted. *See Rollins v. Am. Express Travel Related Servs. Co.,* 219 S.W.3d 1, 5–6 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("where the facts are undisputed and the only matters presented on appeal are legal issues to be reviewed de novo, the failure to file findings of fact and conclusions of law is harmless error.").

An appellant is harmed, however, if there are two or more possible grounds on which the trial court could have ruled, and the appellant is left to guess the basis for the trial court's ruling. *Academy Corp. v. Interior Buildout & Turnkey Constr., Inc.,* 21 S.W.3d 732, 739 (Tex. App.—Houston [14th Dist.] 2000, no pet.). When the trial court's failure is harmful, the appropriate remedy is to abate the appeal and direct the trial court to file the missing findings. *AD Villarai, LLC v. Pak,* 519 S.W.3d 132, 136 (Tex. 2017) (per curiam); *see* TEX. R. APP. P. 44.4 (requiring appellate courts to direct the trial court to remedy any correctable error that "prevents the proper presentation of a case to the court of appeals").

2

Upon review of the record, we find that the decree's orders on possession of and access to M.M.G. are not undisputed and that the reasons for the trial court's rulings are not obvious. Consequently, we cannot conclude that Father suffered no harm from the trial court's failure to file the requested findings of fact and conclusions of law. *See Hamlett v. Comm'n for Lawyer Discipline,* No. 07-16-00256-CV, 2016 Tex. App. LEXIS 11488, at *4 (Tex. App.—Amarillo Oct. 24, 2016, order) (per curiam) (remanding for findings where record did not affirmatively show that the appellant suffered no harm as a result of the trial court's failure to file the requested findings).

Accordingly, we abate this appeal and remand the cause to the trial court to issue findings of fact and conclusions of law in support of its *Final Decree of Divorce*. *See* TEX. R. CIV. P. 296–97; TEX. R. APP. P. 44.4(b). The trial court shall cause its findings and conclusions to be included in a supplemental clerk's record to be filed with the Clerk of this Court no later than Monday, September 9, 2024.

It is so ordered.

Per Curiam