

NUMBER 13-13-00270-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ADAM CHARLES ROMERO,**                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                            **Appellee.**

---

### On appeal from the 36th District Court
### of San Patricio County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Adam Charles Romero was charged by indictment with assault on an elderly individual, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.04 (West 2011). The trial court deferred adjudication, placed appellant on community supervision for five years, and assessed a fine of $500. In January of 2012, the State filed its

second motion to revoke,[1] alleging seven violations of the terms of appellant's community supervision. At a revocation hearing in May of 2012, appellant pleaded "true" to six of the seven allegations. The trial court found that appellant had violated the terms of his supervision but continued appellant on community supervision and extended the term for one year. The trial court also found that drug or alcohol abuse "significantly contributed" to the violations and amended the terms of appellant's supervision to require him to spend at least ninety days in a "Special Needs" Substance Abuse Felony Punishment Facility (SAFPF).[2] The State later filed a third motion to revoke, alleging that appellant did not complete the required term in the SAFPF facility. Appellant pleaded "true" to the State's allegation. The trial court revoked appellant's community supervision, adjudicated appellant guilty of the original offense, and imposed a sentence of three years in the Texas Department of Criminal Justice—Institutional Division with "credit, no fine, costs of court." This appeal followed. We affirm as modified.

## I. *ANDERS* BRIEF

Appellant's court-appointed appellate counsel has filed a brief and motion to withdraw with this Court pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that his review of the record yielded no grounds of error upon which to base an appeal. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.

---

[1] The trial court dismissed the State's first motion to revoke at the State's request, apparently without any action being taken on it.

[2] Appellant stated at the revocation hearing that he has been diagnosed with bipolar disorder and schizoaffective disorder and is taking medication prescribed to him by the MHMR program to treat those conditions.

*See In re Schulman,* 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State,* 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State,* 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State,* 507 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the record and to file a pro se response.[3] *See Anders,* 386 U.S. at 744; *Stafford,* 813 S.W.2d at 510 n.3; *see also In re Schulman,* 252 S.W.3d at 409 n.23. More than a sufficient amount of time has passed, and appellant has not responded by filing a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio,* 488 U.S. 75, 80 (1988). We have reviewed the entire record, including counsel's appellate brief, and we have found no reversible error. *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the

---

[3] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman,* 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State,* 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

3

opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."). However, there is some error in the record because the judgment assessed $1,090 in attorney's fees even though the trial court earlier determined appellant to be indigent, and assessed a $500 fine that was not orally pronounced as part of the sentence.

Appellate courts may modify the trial court's judgment to make the record speak the truth when we have the necessary information to do so, even in cases where appellant's counsel files an *Anders* brief. *See* TEX. R. APP. P. 43.2(b); *Pfeiffer v. State*, 363 S.W.3d 594, 599 (Tex. Crim. App. 2012) (observing that "when a defendant appeals his conviction, the courts of appeals have the jurisdiction to address any error in that case"); *see also Martinez v. State*, No. 13-12-00161-CR, 2013 WL 1281983, at *2 (Tex. App.—Corpus Christi Mar. 28, 2013, pet. ref'd) (mem. op., not designated for publication) (collecting cases where appellate courts have *sua sponte* modified the judgment without the need for additional briefing or abatement).

Regarding the $1,090 in attorney's fees, our review of the record reflects that the trial court determined that appellant was indigent. *See* TEX. CODE CRIM. PROC. art. 26.04 (West Supp. 2012). A defendant who the trial court determined to be indigent cannot be required to repay the cost of the legal services provided to him. *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010) (observing that a "defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees"); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) ("A defendant who is determined by the court

4

to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs."). There is no evidence in the record that appellant's indigent status changed prior to the trial court's decision to adjudicate guilt in this case. Therefore, the trial court erred in requiring appellant to repay the cost of his counsel, and we modify the judgment to delete the assessment of $1,090 in attorney's fees. *See Mayer*, 309 S.W.3d at 556; *see also Martinez*, 2013 WL 1281983, at *2 (deleting an assessment of attorney's fees in an *Anders* case); *Nelson v. State*, No. 03-11-00022-CR, 2011 WL 5504935, at *2 (Tex. App.—Austin Nov. 9, 2011, no pet.) (mem. op., not designated for publication) (same).

Regarding the fine, the trial court did impose a $500 fine as a condition of community supervision, but when pronouncing sentence at the revocation hearing, the court specifically stated that it was imposing "no fine" as part of the sentence. "A trial court's pronouncement of sentence is oral, while the judgment, including the sentence assessed, is merely the written declaration and embodiment of that oral pronouncement." *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). "When the oral pronouncement of sentence and the written judgment vary, the oral pronouncement controls." *Id.* (citing *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998)). Because it is apparent from the record that the trial court did not impose a fine when pronouncing appellant's sentence, we modify the judgment to delete the $500 fine. *See Madding*, 70 S.W.3d at 135; *see also Jackson v. State*, No. 13-12-00282-CR, 2013 WL 179402, at *1 (Tex. App.—Corpus Christi Jan. 17, 2013, no pet.) (mem. op.,

not designated for publication) (modifying the judgment in an *Anders* case to delete a fine that was not orally pronounced at sentencing); *Brasfield v. State*, No. 13-08-00699-CR, 2009 WL 2929275, at **1–2 (Tex. App.—Corpus Christi Aug. 25, 2009, no pet.) (mem. op., not designated for publication) (same).

We modify the judgment to delete the assessment of $1,090 in attorney's fees and the $500 fine. We affirm as modified.

### III. MOTION TO WITHDRAW

In accordance with *Anders,* appellant's attorney requests this Court for permission to withdraw as counsel for appellant. *See Anders,* 386 U.S. at 744; *see also In re Schulman,* 252 S.W.3d at 408 n.17 (citing *Jeffery v. State,* 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citations omitted)). We grant counsel's motion to withdraw. Counsel is ordered to send a copy of this opinion and this Court's judgment to appellant within five days of the date of this Court's opinion and to advise appellant of his right to file a petition for discretionary review with the court of criminal appeals.[4] *See* TEX. R. APP. P. 48.4; *see also In re Schulman,* 252 S.W.3d at 412 n.35;

---

[4] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretion review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *Id.* R. 68.4.

*Ex parte Owens,* 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
19th day of December, 2013.