

**NUMBER 13-13-00078-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**JAMES LEE SAULTERS,**                                   **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                        **Appellee.**

**On appeal from the 54th District Court
of McLennan County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Justice Longoria**

The State indicted appellant James Lee Saulters for aggravated assault, a second-degree felony enhanced to a first-degree felony because the State alleged that appellant used a deadly weapon during the commission of the assault and caused serious bodily

injury to a person who was in a dating relationship with appellant at the time.[1]  *See* TEX. PENAL CODE ANN. § 22.02(a), (b)(1) (West 2011).  Appellant pleaded guilty but elected for a jury to assess his punishment.  The jury assessed punishment at thirty years' imprisonment in the Texas Department of Criminal Justice—Institutional Division and a $10,000 fine.  This appeal followed.[2]

## I. *ANDERS* BRIEF

Appellant's court-appointed appellate counsel has filed a brief and motion to withdraw with this Court pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that his review of the record yielded no grounds of error upon which to base an appeal.  Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.  *See In re Schulman,* 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State,* 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State,* 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State,* 507 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment.  Counsel has informed this Court that

---

[1] Specifically, the State alleged that appellant shot the complainant, a fifteen-year-old girl, in the head following an argument.

[2] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

he has: (1) examined the record and found no arguable grounds to advance on appeal[3]; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the record and to file a pro se response.[4] *See Anders,* 386 U.S. at 744; *Stafford,* 813 S.W.2d at 510 n.3; *see also In re Schulman,* 252 S.W.3d at 409 n.23. More than a sufficient amount of time has passed, and appellant has not responded by filing a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio,* 488 U.S. 75, 80 (1988). We have reviewed the entire record, including counsel's appellate brief, and we have found no reversible error. *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."). Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders,* appellant's attorney requests permission from this Court to withdraw as counsel for appellant. *See Anders,* 386 U.S. at 744; *see also In re*

---

[3] Counsel informs us that he specifically considered whether: (1) the court properly admonished appellant before accepting his plea; (2) appellant's plea was voluntary; (3) appellant was mentally competent to enter a guilty plea; (4) there was any error in admitting evidence during the punishment phase; (5) the length of appellant's sentence violated the constitutional ban on cruel and unusual punishment; and (6) appellant's trial counsel performed effectively.

[4] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman,* 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State,* 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

*Schulman,* 252 S.W.3d at 408 n.17 (citing *Jeffery v. State,* 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.)) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citations omitted)). We grant counsel's motion to withdraw. Counsel is ordered to send a copy of this opinion and this Court's judgment to appellant within five days of the date of this Court's opinion and to advise appellant of his right to file a petition for discretionary review with the court of criminal appeals.[5] *See* TEX. R. APP. P. 48.4; *see also In re Schulman,* 252 S.W.3d at 412 n.35; *Ex parte Owens,* 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
6th day of March, 2014.

---

[5] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.