George W. ROSS, Appellant,

v.

**AMERICAN RADIATOR & STANDARD SANITARY CORPORATION,**
Appellee.

**No. 18261.**

Court of Civil Appeals of Texas,
Dallas.

Feb. 7, 1974.

Rehearing Denied March 7, 1974.

Gary Allmon Grimes, Leake, Schuerenberg & Grimes, Mesquite, for appellant.

Jay J. Madrid, Matthews & Matthews, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

■ This appeal presents the sole question of validity vel non of a judgment which was attempted to be revived by the issuance of an alias execution. We hold thaot the alias execution was not "issued" within ten years from the date of issuance of the previous execution as required by Vernon's Tex.Rev.Civ.Stat.Ann. art. 3773 (Vernon 1966).[1] We reverse the trial court's decree declaring the judgment to be valid.

The facts are not disputed. On November 24, 1953, in cause number 85030–D, in the 95th District Court of Dallas County, Texas, American Radiator & Standard Sanitary Corporation (hereinafter called American Radiator) sued George W. Ross upon an open account. On January 3, 1956, a default judgment was rendered in that suit against Ross for the sum of $5,244.44, with interest. An abstract of the judgment was filed in the office of the County Clerk of Dallas County on January 19, 1956. On January 25, 1956, an execution on the judgment was clerically prepared by the office of the District Clerk of Dallas County and delivered to the office of the Sheriff of Dallas County on the same day. The Sheriff's return on the execution states:

> Came to hand 25 day of Jan., A.D. 1956, and returned on the 5 day of April, A.D. 1956 no property found in Dallas County belonging to defendant subject to execution.

On the 25th day of January, 1966, 10 years later, an alias execution on the judgment entered in cause number 85030–D was clerically prepared by the office of the District Clerk of Dallas County. The Sheriff's return on said alias execution states:

> Came to hand 12 day of April, A.D. 1966 and returned on the 19 day of April, A.D. 1966 no property found in Dallas County belonging to defendant subject to execution.

In 1973 Ross entered into a contract to sell certain real property in Dallas County and thereafter was notified that American Radiator expected the judgment entered in cause number 85030–D to be satisfied from the purchase price of the real estate to be received by Ross. American Radiator con-

---

1. All citations to numbered statutory articles herein refer to Tex.Rev.Civ.Stat.Ann.

tended that its judgment was a valid and subsisting one, but Ross contended that American Radiator's judgment had become dormant or barred by limitations since the alias execution had not been issued within ten years from the issuance of the first execution. American Radiator and Ross entered into an escrow agreement in which sufficient funds to satisfy the 1956 judgment would be deposited and held by Dallas Title Company, as escrow agent, pending judicial determination of the validity of the judgment originally granted against Ross.

Ross brought this action against American Radiator in which he sought declaratory relief establishing the judgment rendered against him in 1956 to be dormant, barred by limitations, and of no force and effect. American Radiator asked that the 1956 judgment be determined to be valid and subject to the escrow deposit. The trial court, sitting without a jury, rendered judgment for American Radiator and decreed that the money held in escrow by Dallas Title Company be delivered to American Radiator and applied to the satisfaction of the prior judgment.

The trial court made findings of fact and conclusions of law. The court concluded that (1) absent evidence to the contrary, there is a presumption of regularity concerning the preparation of the alias writ of execution by the District Clerk of Dallas County, Texas; (2) that there is also a presumption concerning the regularity of the delivery of the alias writ of execution to the Sheriff; (3) that there was a completed issuance of execution in accordance with applicable law, which issuance was sufficient to prevent the judgment from becoming dormant; and (4) inasmuch as the unconditional delivery of the alias writ of execution to the Sheriff was proper and sufficient to constitute a completed issuance, defendant's judgment was not barred by limitations.

Seeking reversal and rendition of the judgment, appellant Ross advances three points of error, each attacking the conclusions of law. Appellant concedes that the alias execution was clerically prepared by the District Clerk within ten years from the date of the first execution. His contention is, however, that since such alias execution was not delivered to the Sheriff of Dallas County until two months and eighteen days later, such "issuance" of execution was not completed as contemplated by law within ten years from the date of the issuance of the first execution and, therefore, there was no valid issuance of execution to maintain the validity of the judgment.

Article 3773, entitled "Dormant Judgment" provides:

If no execution is issued within ten years after the rendition of a judgment in any court of record, the judgment shall become dormant and no execution shall issue thereon unless such judgment be revived. If the first execution has issued within the ten years, the judgment shall not become dormant, unless ten years shall have elapsed between the issuance of executions thereon, and execution may issue at any time within ten years after the issuance of the preceding execution.

Within the title on limitations, Article 5532 provides for a period in which a judgment may be revived:

A judgment in any court of record, where execution has not issued within twelve months after the rendition of the judgment, may be revived by scire facias or an action of debt brought thereon within ten years after date of such judgment, and not after.

In the light of the facts presented, and applicable statutory provisions, the question is clearly presented: Was the 1956 judgment revived by the clerical act of the District Clerk in preparing an alias execution within ten years from the issuance of the first execution when there is

an unexplained delay of two months and eighteen days in delivering such execution to the Sheriff for levy? While the adjudicated cases are far from being satisfactory in supplying an answer to this question we are convinced, and so hold, that the question must be answered in the negative.

It has long been the rule in Texas that the burden is upon the judgment creditor to prove that execution has been issued on his judgment within the statutory period. Boyd v. Ghent, 95 Tex. 46, 64 S.W. 929, 930 (1901). To carry this burden, the judgment creditor must prove not only that the execution was clerically prepared by the clerk but also that delivery was made to the proper officer. In Bourn v. Robinson, 49 Tex.Civ.App. 157, 107 S.W. 873, 875 (1908, no writ), the court said:

> The term "issue" means more than the mere clerical preparation and attestation of the writ, and requires that it should be delivered to an officer for enforcement.

*Accord* Commerce Trust Co. v. Ramp, 135 Tex. 84, 138 S.W.2d 531 (1940, opinion adopted).

The court in *Bourn* went on to state that there can be no presumption of proper delivery to the proper officer, citing Schneider v. Dorsey, 96 Tex. 544, 74 S.W. 526, 527 (1903), which supports that proposition.

This factual situation of an unexplained delay in delivery to the proper officer for execution is analogous to both the conditional delivery of the execution on a judgment, as well as a delayed service of process with regard to the time when a suit is said to be originally instituted. In Harrison v. Orr, 296 S.W. 871, 875 (Tex.Com.App.1927, jdgmt adopted), the question of when an alias execution was "issued" within the meaning of the statutes was presented. In that case the Sheriff was instructed by the judgment creditor to hold the alias writ of execution until a given date,

then return it. The Commission of Appeals stated:

> . . . in our opinion, that it did not amount to an "issuance" of an execution as provided for in the statute named. [Bourn v. Robinson] . . . announced that "issuance" means something more than mere clerical preparation and includes *unconditional delivery to an officer for enforcement* in the manner provided by law. . . . A like rule as to issuance of citation, etc., has been generally applied in determining when an action has been commenced in jurisdictions in which that date is governed by issuance of process . . . , and the adverse effect of *delaying execution of process, once clerically issued,* has illustration in cases involving the commencement date of limitations. [*Id.* at 876, emphasis added].

■ We find the analogy to the commencement of an action very compelling. The mere presentation of a petition to the clerk for filing is not sufficient to interrupt or toll the statute of limitations; there must follow a diligent effort to secure issuance *and* service of citation. Rigo Manufacturing Co. v. Thomas, 458 S.W.2d 180, 182 (Tex.1970). *See* Owen v. Eastland, 124 Tex. 419, 78 S.W.2d 178 (1935); Russell v. Taylor, 121 Tex. 450, 49 S.W.2d 733 (1932).

■ We hold that the judgment creditor must carry the burden, in establishing "issuance" within the statutory period, to prove not only a clerical preparation within the time period, but also either actual delivery to the appropriate officer within the period or, if actual delivery is made after expiration of the period, then reasonable diligence in making delivery from the date shown on the writ until actual delivery to the officer. The rule thus expressed is supported by the dispositive rationale in R. B. Spencer & Co. v. Harris, 171 S.W.2d 393, 395 (Tex.Civ.App.—

Amarillo 1943, writ ref'd). In that case, the court, speaking through Mr. Justice Folley, held that alias execution had been "issued" since the plaintiff had been diligent in doing all he could possibly do. The court distinguished cases where there was a lack of diligence, including Harrison v. Orr and Commerce Trust Co. v. Ramp, *supra*.

■ It is obvious to us that this requirement has not been met since it cannot be said that the period of two months and eighteen days constitutes a reasonable time for placing the execution in the hands of the officer for execution. The record in this case is completely silent as to what transpired between the time of the physical preparation of the alias execution at the end of the ten-year period and the time it was actually delivered to the Sheriff two months and eighteen days thereafter. We cannot indulge in a presumption as to what occurred during this hiatus in the record. Bourn v. Robinson, 107 S.W. at 875.

This record is completely devoid of evidence to support the conclusion of law reached by the trial court that there was a completed issuance of execution in accordance with applicable law and therefore the judgment based upon such conclusion is wrong and must be set aside. We therefore reverse and here render judgment that the judgment against George W. Ross in favor of American Radiator & Standard Sanitary Corporation, in cause number 85030–D in the 95th District Court of Dallas County, on January 3, 1956, is not a revived and subsisting judgment, but rather is here decreed to be of no force and effect. It is further ordered that Dallas Title Company disburse to George W. Ross the amount of money held by said title company in escrow pursuant to the terms of said escrow agreement.

Reversed and rendered.

BATEMAN, J., not sitting.

## ON MOTION FOR REHEARING

In appellee's motion for rehearing it is contended that we erred in our original opinion by placing the burden of proof on the judgment creditor, rather than the movant, to prove proper issuance of alias execution. It must be observed that this action was brought by the judgment *debtor,* seeking declaratory judgment that the execution in question had *not* been issued properly and therefore, that the judgment was dormant. In most cases the action is brought by the judgment *creditor* to declare such judgment to be revived and the language in those cases usually is to the effect that the burden of proof is upon the "plaintiff." However, our supreme court in Pace Corp v. Jackson, 155 Tex. 179, 284 S.W.2d 340, 350 (1955), has stated that there is no strict and rigid rule that the plaintiff has the burden of proof. The court reasoned that the time sequence in the filing of pleadings neither relieves the party asserting a right of his responsibilities nor deprives him of his advantages.

■ Moreover, when the plaintiff in a declaratory judgment action is seeking a declaration of nonliability, as in the case at bar, the court will ignore the formal position of the parties, and place the burden of proof upon the party asserting the affirmative of the controlling issues. McCart v. Cain, 416 S.W.2d 463, 466 (Tex.Civ.App. —Forth Worth 1967, writ ref'd n. r. e.); Serna v. Cochrum, 290 S.W.2d 383, 386 (Tex.Civ.App.—San Antonio 1956, writ ref'd n. r. e.); 1 McDonald, Texas Civil Practice § 2.06 at 186 (1965); 35 Texas L.Rev. 133, 134 (1957).

Appellee's motion for rehearing is overruled.

BATEMAN, J., not sitting.