**John A. BALLIS, Appellant,**

v.

**URBAN NATIONAL BANK, Appellee.**

No. C14-88-00129-CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 13, 1989.

Roger L. Reynolds, S. Tanner Garth, Houston, for appellant.

John Hall, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellee was granted a summary judgment on two promissory notes totaling $1,250,000, plus interest. We reverse and remand.

The standards to be applied when reviewing a summary judgment were set out in *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546 (Tex.1985) as follows:

"1. The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true.

3. Every reasonable inference must be indulged in favor of the nonmovants and any doubts result in their favor."

The evidence for the nonmovant must be accepted as true and every reasonable inference indulged in the nonmovants favor even if his evidence is in conflict with the evidence of the movant. *Hudnall v. Tyler Bank and Trust Company,* 458 S.W.2d 183 (Tex.1970).

Here appellant's evidence alleges a prior series of transactions between him, the appellee and its president, Theodore V. Kruckel. Prior to this transaction, appellant had contracted with them concerning the sale of Kruckel's race horses. The horses involved were very famous and expensive horses. Appellant's summary judgment evidence claims that Kruckel would finance the buys through his bank and that the loans would be paid off with the proceeds from the resale of the horses. In early 1987, appellant entered into another of these transactions. Appellant executed two notes totaling $1,250,000 for the purchase of the horse. Two weeks later, the horse died. Appellant alleges that he is not obligated to repay the loans because he was unable to sell the horse and there were no proceeds from which to repay the loan. In addition, appellant claims Kruckel sold him a horse he knew was unsound and infirm and that that constituted fraud. Kruckel appears to be involved in this loan both individually and through his employment as president of the appellee bank. The Bank seeks to have appellant held liable on a loan that Kruckel possibly administered for his own benefit. Appellee's bank claims that the information regarding the prior transactions is parole evidence because it was not contained in the loan documents. Appellant on the other hand, alleges that Mr. Kruckel's knowledge of the prior transactions and the arrangement for repayment is attributable to the bank because he was the officer of the bank that administered the loan. It is also apparent that there may be very good reasons why Mr. Kruckel did not include this arrangement in the loan documents such as the attention which might be paid to the transaction by the bank, and bank regulators.

▮ Texas Rule of Civil Procedure 166A addresses summary judgments. Subsection (c) states as follows:

"The judgment sought shall be rendered forthwith if ... there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in

the motion for an answer or any other response."

TEX.R.CIV.P. 166A(c). It is apparent that there are material issues yet to be decided in this case. Rule 166A(c) sets up the evidence necessary to uphold the summary judgment. The end of subsection c states as follows:

"A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact may be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise creditble and free from contradictions and inconsistencies, and could have been readily controverted."

The affidavit of Mr. Kruckel attached to the appellees motion for summary judgment states only that the attached notes are true and correct copies and that the amount is due and owing. The appellant alleges facts which contradict and controvert the affidavit of Mr. Kruckel and brings his creditability into serious jeopardy. Being an interested witness, Mr. Kruckel's affidavit, having been contradicted and controverted, was insufficient to sustain a summary judgment. Evidence that favors the movants position should not be considered unless it is uncontroverted. *Great American Reserve Insurance Company, v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41 (Tex.1965). Viewing all of the evidence in the light of the nonmovant, there are many genuine issues of material fact which must be considered.

The opinion of the trial court is reversed and remanded for proceedings consistent with this opinion.