**AFFIRM; Opinion Filed January 29, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-00836-CV

## CHRISTOPHER DAVID BARTZ, Appellant

## V.

## RITA RANDALL, Appellee

On Appeal from the 14th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-10-07594

# OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion By Justice Evans

Christopher David Bartz appeals from a summary judgment reviving a default judgment against him in favor of Rita Randall. Bartz brings three issues generally contending the trial court erred in basing its summary judgment on allegedly improper affidavits and in concluding this suit was brought timely. Finding no merit in appellant's contentions, we affirm the trial court's judgment.

## BACKGROUND

Randall brought this action June 18, 2010 pursuant to section 31.006 of the Texas Civil Practice and Remedies Code. In her petition, Randall asserted that she was the owner and holder of

a default judgment rendered against Bartz on August 10, 1989 and that the judgment was dormant but otherwise valid and unpaid. Randall requested a writ of scire facias to allow her to execute on the judgment.

Bartz answered and filed a motion for summary judgment contending Randall's revival action was not timely filed. Specifically, Bartz argued there was no evidence that Randall had a writ of execution properly issued and delivered to an officer for execution within ten years after the judgment was rendered as required by section 34.001 of the civil practice and remedies code. Because no writ was properly issued, Bartz argued the judgment became dormant on August 10, 1999 and any action to revive the judgment had to be filed by August 10, 2001.

Randall responded to Bartz's motion and filed her own cross motion for summary judgment contending the evidence showed that a writ of execution was properly issued and delivered within the statutory time period, thereby extending the time during which she could seek to revive and enforce the judgment to August 6, 2011. Bartz filed a response to Randall's cross motion including an amended motion for summary judgment essentially re-urging the same arguments made in his earlier motion for summary judgment. It does not appear from the record that a hearing was held or a ruling made on either Bartz's motion for summary judgment or Randall's cross motion.

On March 23, 2011, Randall filed a new motion for summary judgment asserting substantially the same arguments that were asserted in her earlier cross motion. As her sole summary judgment evidence, Randall submitted two affidavits by her attorney, Joyce Lindauer, with attached documents. Lindauer testified in her affidavits that she procured a writ of execution for the default judgment less than ten years after the judgment was rendered and delivered it to a constable for service on Bartz at his last known address. Randall argued this evidence showed that her action to revive the default judgment was filed timely as a matter of law. Bartz did not file a response to

.

Randall's March 23 motion. The trial court conducted a hearing on Randall's motion for summary judgment on April 19, 2011, considered Bartz's response to Randall's earlier cross motion for summary judgment, and signed an order granting Randall's March 23 motion thereby reviving the default judgment the same day. Bartz brings this appeal.

## ANALYSIS

### I. Sufficiency of the Affidavits as Summary Judgment Evidence

In his first two issues, Bartz contends the trial court erred in granting summary judgment on the basis of the affidavits made by Randall's attorney. Bartz argues the affidavits are improper because they were made by an interested witness, do not identify the sources of the affiant's knowledge, contain conclusory statements, and are both internally inconsistent and controverted by other evidence in the record. Randall responds that all of Bartz's objections to the affidavits are either waived or without merit. While we consider Bartz's response as the trial court did,[1] we agree with Randall.

Bartz contends that Lindauer's affidavits cannot support the summary judgment in favor of Randall because, as Randall's attorney, Lindauer is an interested witness and her testimony can only raise a fact issue. The fact that Lindauer is an interested witness does not by itself, however, make her affidavits insufficient to support the summary judgment. Under Rule 166a(c) of the Texas Rules of Civil Procedure, a summary judgment may be based on the uncontroverted testimony of an interested witness so long as the testimony is "clear, positive, and direct, otherwise credible and free

---

[1] We note that Randall relies, at least in part, on the fact that Bartz filed no response to her March 23, 2011 motion for summary judgment when she makes her waiver arguments. While Randall's March 23 motion was the only motion considered by the trial court at the summary judgment hearing, the judgment states that the trial court considered "the Plaintiff's Motion for Summary Judgment filed by Plaintiff Rita Randall and the response thereto filed by Defendant Christopher Bartz . . . ." In addition, the trial court judge stated at the beginning of the hearing that he had read both the motion and "the response." Accordingly, the record indicates the trial court considered the arguments and evidence contained in Bartz's earlier filed response to Randall's cross motion for summary judgment when it ruled on Randall's March 23 motion. Randall does not challenge the trial court's consideration of Bartz's response in rendering its decision. Because of this, we will likewise consider the arguments and evidence presented in Bartz's response to the cross motion in our analysis of the issues on appeal.

from contradictions and inconsistencies, and could have been readily controverted." TEX. R. CIV. P. 166a(c). Uncontradicted testimony of an interested witness that meets the requirements of the rule may be treated as conclusive evidence when the opposing party has the means and opportunity of disproving the testimony and fails to do so. *See Belger v. Sweeny*, 836 S.W.2d 752, 754 (Tex. App.—Houston [1st Dist.] 1992, writ denied).

To the extent Bartz is contending that Lindauer's affidavits do not meet the rule's requirements for interested witness testimony, this is a complaint about the form of the affidavit, not its substance. *See S & I Mgmt., Inc. v. Sungju Choi*, 331 S.W.3d 849, 855 (Tex. App.—Dallas 2011, no pet.). Similarly, Bartz's contention that Lindauer's affidavits do not identify the sources of her knowledge is an objection to the affidavit's form. *See Dulong v. Citibank (South Dakota), N.A.*, 261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.). Objections to the form of an affidavit must have been raised in the trial court and the party offering the affidavit must have had an opportunity to amend it. *See Stone v. Midland Multifamily Equity REIT*, 334 S.W.3d 371, 374 (Tex. App.—Dallas 2011, no pet.). If the party opposing the affidavit did not object to the form of the affidavit in the trial court, the objection is waived. *See id.* The record shows that Bartz made no objections to Lindauer's affidavits in the trial court. Therefore, these objections to the affidavit's form have been waived. *See id.* at 371; *see also Dulong*, 261 S.W.3d at 893.

Bartz next contends Lindauer's affidavits are conclusory because they do not contain the necessary facts to support her statements. *See Brown v. Brown*, 145 S.W.3d 745, 751 (Tex. App.—Dallas 2004, pet. denied) (conclusory statement does not provide underlying facts to support conclusion). Conclusory statements in an affidavit will not support a summary judgment. *See Rylan Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996). Unlike the alleged defects discussed above, an objection that testimony is conclusory challenges the substance of the testimony rather than its

form. An objection to a defect in substance may be raised for the first time on appeal. *See id.*

Bartz points to four statements made by Lindauer that he characterizes as conclusory. Two of the challenged statements are that Bartz provided Randall with a bad address and that the constable physically attempted service of the writ of execution. These statements are statements of fact, not conclusions. Bartz's argument that these statements are conclusory, therefore, is not well taken.

The other two statements Bartz challenges as conclusory are that the writ of execution was properly issued by the district court and that the address provided for the writ was Bartz's last known address in August 1999. To the extent these statements could be considered conclusory, Lindauer provided additional facts to support the conclusions. In addition to stating that the writ of execution was issued properly, Lindauer testified that the writ was issued at her request, that she delivered it to the constable's office, paid the constable's fee for service, and personally requested that the constable enforce the writ. With respect to Bartz's last known address, Lindauer testified about the investigation she conducted to determine Bartz's address including using information from an investigator and process server, the internet, and phone directories. These facts were sufficient to support the statements Bartz alleges were conclusory.

Finally, Bartz contends that several of the statements made in Lindauer's affidavits are either internally contradictory or controverted by the record. This argument is essentially repeated in Bartz's second issue in which he contends that the summary judgment based on Lindauer's affidavits was improper because the existence of controverting evidence made Lindauer's credibility a fact issue. A summary judgment may be based on the testimony of an interested witness only so long as that testimony is uncontroverted. *See* TEX. R. CIV. P. 166a(c). If the record contains evidence that contradicts or controverts the interested witness's testimony, the affidavit is insufficient to sustain

a summary judgment. *See Ballis v. Urban Nat'l Bank*, 770 S.W.2d 590, 592 (Tex. App.—Houston [14th Dist.] 1989, no writ).

Bartz's argument that Lindauer's affidavits are internally contradictory is a complaint directed at the form of the affidavit. *See S & I Mgmt.*, 331 S.W.3d at 855. As stated above, to challenge the form of an affidavit on appeal, a party must first object in the trial court. *See id.* Because Bartz did not object to the form of Lindauer's affidavit in the trial court below, he cannot raise this defect on appeal. *See id.*

Although Bartz also argues that some of Lindauer's statements are controverted by other evidence in the summary judgment record, it is largely unclear which specific statements Bartz is challenging. Bartz contends that the writ of execution does not corroborate Lindauer's "factual claims," but does not specify which claims are allegedly controverted or unsupported by the writ. Bartz points to the fact that the writ indicates both that Lindauer provided the constable with an improper address and that she requested the writ be returned seven days after it was issued. Neither of these facts controverts Lindauer's affidavits. Lindauer's affidavits state only that the address she gave for the writ was Bartz's last known address at the time, not that it was the correct address. Lindauer also acknowledges in her affidavits that the writ was returned to her after execution was unsuccessful.

Bartz contends the writ fails to show any attempt at execution before Lindauer requested that the writ be returned. Contrary to Bartz's contention, however, the writ states that the constable was "unable to locate" Bartz at the given address indicating he attempted service of the writ before returning it. Bartz also notes that the writ return was signed by a deputy constable rather than the official constable of the precinct. Bartz suggests this contradicts Lindauer's testimony that she worked with the actual constable when attempting to have the writ executed. Lindauer states in her

.

–6–

affidavits that she requested the constable to enforce the writ and that the constable physically attempted service on Bartz but was unsuccessful. The writ return showing unsuccessful service is signed by a deputy constable on behalf of the constable as is indicated by the signature "A.B. Chambers, Constable PCT. #7, Harris County, Texas, By [signature] Cpl. Nick Barnes, Deputy." The fact that a deputy constable signed the writ return and may have performed work on behalf of the official constable does not contradict Lindauer's testimony that she worked with the constable or that the constable, either personally or through a deputy, physically attempted to serve Bartz.

Bartz also relies on his own affidavit as evidence that allegedly controverts Lindauer's testimony. In particular, Bartz relies on his statement that he was never contacted about the default judgment after it was rendered. Again, Bartz does not specify what statement by Lindauer this evidence allegedly contradicts. The only statement Lindauer made about Bartz was that he provided Randall with a bad address. Nothing in Lindauer's testimony indicates that Bartz provided Randall with the address after the default judgment was rendered or that he did so in the context of discussing the judgment. Accordingly, Bartz's testimony does not contradict Lindauer's affidavits. Absent any contradictory or controverting evidence, we conclude Lindauer's credibility was not put in issue and her affidavits were proper summary judgment evidence under rule 166a(c). We resolve Bartz's first two issues against him.

## II. Timeliness of the Revival Action

In his third issue, Bartz contends the trial court erred in granting summary judgment on Randall's revival request because she failed to show that her action was filed within the time allowed. Under section 31.006 of the Texas Civil Practice and Remedies Code, a dormant judgment may be revived by an action brought no later than the second anniversary of the date that the judgment becomes dormant. TEX. CIV. PRAC. & REM. CODE ANN. § 31.006 (West 2008). A

.

judgment becomes dormant if a writ of execution is not issued within ten years. TEX. CIV. PRAC. & REM. CODE ANN. § 34.001 (West Supp. 2012). If a writ of execution is issued within ten years, but a second writ is not issued within ten years after the first writ was issued, the judgment becomes dormant ten years after the first writ was issued. *Id.* Bartz argues the evidence fails to show that a writ of execution was properly issued within ten years of the date the default judgment was rendered and, therefore, there is no showing that Randall's revival action, brought more than twenty years after the judgment was rendered, was timely as a matter of law.

The standard of review for a traditional summary judgment is well settled. We review the trial court's ruling de novo to determine whether the moving party has established his right to judgment as a matter of law. *See Carbonara v. Tex. Stadium Corp.,* 244 S.W.3d 651, 654 (Tex. App.—Dallas 2008, no pet.). We examine the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the summary judgment movant, to determine whether the movant has shown that no material fact issues exists. *Id.*

As the judgment creditor, Randall had the burden to show that she had a writ of execution issued for the default judgment within the statutory time period. *See Ross v. Am. Radiator & Standard Sanitary Corp.,* 507 S.W.2d 806, 809 (Tex. App.—Dallas 1974, writ ref'd n.r.e.). To meet this burden, Randall was required to show that the writ of execution was prepared by the clerk and delivered to the proper officer for execution. *Id.* Once the writ is delivered to the officer, a presumption arises that the officer performed his duty in executing it. *See Carpenter v. Probst,* 247 S.W.2d 460, 461(Tex. Civ. App.—San Antonio 1952, writ ref'd). This presumption can be rebutted by a showing that the officer was in any way thwarted or deterred from performing his duty. *Id.*

In this case, Randall provided evidence to show that the judgment she sought to revive was

rendered on August 10, 1989. Randall also provided evidence that her attorney, Lindauer, had a writ of execution for the judgment issued by the Dallas District Clerk on August 6, 1999 and delivered the writ to the constable's office for execution on August 10, 1999. Lindauer testified in her affidavits that she paid the constable's fee for service of the writ and told the constable to "vigorously pursue" the writ for collection. This evidence is sufficient to show that Randall had a writ of execution issued for the default judgment within the time period required by section 34.001 and the judgment did not become dormant until August 6, 2009, ten years after the writ issued. Randall's action to revive the judgment was filed on June 18, 2010. Because the revival action was filed less than two years after the judgment became dormant, the action was filed timely. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.006.

Bartz argues the evidence is insufficient to show proper issuance of the writ, and consequent extension of the life of the judgment, because the evidence does not show that Lindauer used reasonable diligence to locate a correct current address for Bartz at which the writ could be served. As an example of Lindauer's alleged lack of diligence, Bartz points to the fact that the address provided by Lindauer for the writ included an incorrectly spelled street name. The incorrect spelling was corrected by the constable's office and the writ return indicates that service was attempted on Bartz at the correctly spelled address. There is nothing in the evidence to indicate, therefore, that the incorrect spelling served to thwart or deter the constable from performing his duty.

Bartz suggests that once Lindauer was informed that Bartz could not be located at the given address, she had an obligation to continue to search for a correct address rather than requesting that the writ be returned to her. But, for purposes of extending the life of a judgment, section 34.001 requires only that a writ be issued and delivered to an officer for execution. *See Ross*, 507 S.W.2d at 809. Nothing in the statute requires actual service of the writ. *See* TEX. CIV. PRAC. & REM. CODE

ANN. § 34.001. The evidence shows that Lindauer made an investigation into Bartz's last known address, had a writ of execution issued using that address, and delivered the writ to the constable with instructions to pursue the writ for collection. Bartz fails to provide any evidence to show that the constable was in any way prevented from performing his duty. Accordingly we conclude Randall provided sufficient evidence to show that she met the requirements of section 34.001 and her action to revive the default judgment against Bartz was filed timely.

We resolve Bartz's third issue against him. Having resolved all of Bartz's issues against him, we affirm the trial court's judgment.

DAVID W. EVANS
JUSTICE

110836F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER DAVID BARTZ,
Appellant

No. 05-11-00836-CV     V.

RITA RANDALL, Appellee

Appeal from the 14th Judicial District Court of Dallas County, Texas. (Tr.Ct.No. Cause No. DC-10-07594).
Opinion delivered by Justice Evans, Justices FitzGerald and Fillmore participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellee Rita Randall recover her costs of this appeal from appellant Christopher David Bartz.

Judgment entered January 29, 2013.


DAVID W. EVANS
JUSTICE