**AFFIRM; and Opinion Filed February 21, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-16-00390-CV

_____

**GARY WEBB AND WEBB DEVELOPMENT COMPANY, Appellants**
**V.**
**YORKSHIRE WEST CAPITAL, INC., Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-94-03613**

## MEMORANDUM OPINION

Before Justices Evans, Stoddart, and Boatright
Opinion by Justice Boatright

The trial court granted appellee Yorkshire West Capital, Inc.'s application for writ of scire facias and signed an order reviving a 1994 judgment against appellants Gary Webb and Webb Development Company. In two issues, appellants contend the trial court erred because (1) the time for reviving the judgment had expired; and (2) a previous writ of execution was defective. We conclude that appellee's application was timely and the previous writ of execution was issued in accordance with statute. Accordingly, we affirm the trial court's order.

### BACKGROUND

In 1994, Yorkshire West Capital, Inc. ("Yorkshire") filed suit against Webb Development Company ("WDC") and Gary Webb on a promissory note and guaranty. A third defendant, George Rodman, is not a party to this appeal. Webb and WDC appeared, answered, and filed a counterclaim. On November 28, 1994, the trial court rendered judgment for Yorkshire against

the defendants jointly and severally for $2,959,868.02, plus attorney's fees, interest, and costs. The trial court also ordered that Webb and WDC take nothing on their counterclaim.

On September 14, 2004, less than ten years after the trial court rendered judgment, Yorkshire requested that the District Clerk of Dallas County issue a writ of execution. On September 23, 2004, a copy of the writ was delivered to the Dallas County Sheriff for execution. On July 29, 2013, a second writ of execution was issued by the District Clerk of Dallas County. The second writ, however, was not delivered to the Dallas County Sheriff for execution.[1]

On February 3, 2016, Yorkshire filed an application for writ of scire facias, requesting revival of the 1994 judgment. Yorkshire asserted that the issuance of the 2004 writ of execution kept the judgment alive until September 14, 2014. Yorkshire contended that the judgment became dormant after that date, but could be revived by application for scire facias before the second anniversary of the date the judgment became dormant. Webb and WDC filed an objection and motion to quash the application, attaching an affidavit from Webb in which he testified that he had never been served with any writ of execution.[2] The trial court granted Yorkshire's application. This appeal followed.

## APPLICABLE LAW

Under section 31.006 of the Texas Civil Practice and Remedies Code, "[a] dormant judgment may be revived by scire facias or by an action of debt brought not later than the second anniversary of the date that the judgment becomes dormant." TEX. CIV. PRAC. & REM. CODE

---

[1] A supplemental clerk's record in this appeal includes an affidavit regarding delivery of this second writ. The affidavit, however, was not filed in the trial court until after the trial court rendered its order granting Yorkshire's application for scire facias. Because the trial court could not have considered the affidavit in making its ruling, we may not consider it on appeal. *Blankinship v. Brown*, 399 S.W.3d 303, 309 (Tex. App.—Dallas 2013, pet. denied) (court of appeals could not consider affidavit that was not before the trial court at the time it considered summary judgment).

[2] The clerk's record on appeal contains an affidavit through which Yorkshire attempts to rebut Webb's testimony. Because this affidavit was not filed until after the court made its ruling granting Yorkshire's application for writ of scire facias, the trial court did not consider it in making its ruling, and we cannot consider it on appeal. *Blankinship*, 399 S.W.3d at 309.

ANN. § 31.006 (West 2015) ("Revival of Judgment"). Chapter 34 of the Civil Practice and Remedies Code addresses execution on judgments. Section 34.001 provides, in relevant part:

No Execution on Dormant Judgment

(a) If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived.

(b) If a writ of execution is issued within 10 years after rendition of a judgment but a second writ is not issued within 10 years after issuance of the first writ, the judgment becomes dormant. A second writ may be issued at any time within 10 years after issuance of the first writ.

TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(a), (b) (West 2015).

"The term 'issue' as applied to an execution, means more than the mere clerical preparation and attestation of the writ, and includes its delivery to an officer for enforcement." *Raymond K. Oukrop, DDS, P.C. v. Tatsch*, No. 03-12-00721-CV, 2014 WL 3734192, at *2 (Tex. App.—Austin Jul. 23, 2014, no pet.) (mem. op.) (citing *Bourn v. Robinson*, 49 Tex. Civ. App. 157, 107 S.W. 873, 875 (Tex. Civ. App.—Texarkana 1908, no writ)). The judgment creditor carries the burden "to prove not only a clerical preparation within the time period, but also either actual delivery to the appropriate officer within the period or, if actual delivery is made after expiration of the period, then reasonable diligence in making delivery from the date shown on the writ until actual delivery to the officer." *Ross v. Am. Radiator & Standard Sanitary Corp.*, 507 S.W.2d 806, 809 (Tex. Civ. App.—Dallas 1974, writ ref'd n.r.e.). Once the writ is delivered to the officer, a presumption arises that the officer performed his duty in executing it. *Bartz v. Randall*, 396 S.W.3d 647, 652 (Tex. App.—Dallas 2013, no pet.).

In determining whether to issue a writ of scire facias to revive a dormant judgment, a trial court considers the date of the judgment, evidence of any writs of execution issued on the judgment, and the date of the motion to revive the judgment. *Chen v. Nguyen*, No. 05-15-00077-CV, 2016 WL 258786, at *1 (Tex. App.—Dallas Jan. 21, 2016, no pet.) (mem.

op.). A scire facias proceeding is a non-evidentiary hearing for which there is no need for findings of fact and conclusions of law. *Id.* In deciding whether a judgment should be revived, the trial court is without discretion to revive a judgment if the statutory requirements are satisfied. *Id.*

## ANALYSIS

The 1994 judgment became dormant after November 28, 2004 if a writ of execution was not issued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(a). If the September 14, 2004 writ of execution was properly issued, however, then the judgment did not become dormant until September 14, 2014, and could be revived by scire facias filed not later than two years after that date. *See id.* §§ 34.001(b); 31.006.

### A.    2004 Writ of Execution

We first address WDC's and Webb's second issue contending that because the 2004 writ of execution was not issued for all three defendants in the 1994 lawsuit, the judgment became dormant in 2004 and could not be revived in 2016. WDC and Webb assert that the writ was issued for only one of the three defendants, and the record does not show on which defendant the writ was served.

Yorkshire's application for writ of scire facias included a copy of the 2004 writ of execution. On its face the writ reflects that the 1994 judgment was rendered against all three defendants, and that the amount of the judgment is to be recovered by the sheriff from all three defendants, jointly and severally:

> THEREFORE YOU ARE HEREBY COMMANDED that of the goods and chattels, lands and tenements of the said DEFENDANTS, WEBB DEVELOPMENT COMPANY, GARY WEBB AND GEORGE RODMAN, JOINTLY AND SEVERALLY, you cause to be made the total/sum of $2,959,868.02 DOLLARS with interest thereon at the rate of 10 per cent, per annum from NOVEMBER 28, 1994, UNTIL PAID together with the sum of $463.00 costs of said suit (TO BE RECOVERED FROM DEFENDANTS, JOINTLY AND SEVERALLY), and the further costs of executing this writ.

–4–

Yorkshire's application also included a copy of the Dallas County Sheriff's return, showing that the writ "came to hand" on September 23, 2004, and that no property was found in Dallas County subject to execution.

WDC and Webb point to the caption of the case on the writ of execution naming only Webb. They contend that issuing a writ of execution as to one defendant does not maintain the judgment as to all of the defendants. The substantive text of the writ, however, names all three defendants in the 1994 lawsuit and orders execution of the judgment against all three, jointly and severally.

WDC and Webb further argue that Yorkshire was required to establish, for all three defendants, not only clerical preparation of the writ and delivery to the proper officer for service, but also actual service of the writ. They argue that the officer's return, showing only that no property was found belonging to "defendant," was insufficient proof that the writ of execution was served on all three defendants. Yorkshire's burden, however, was to prove "issuance" of the writ, not "service." *Ross*, 507 S.W.2d at 809. "Issuance" is established by proof of (1) timely clerical preparation of the writ, and (2) timely delivery to the appropriate officer. *Id.* Yorkshire attached a copy of the writ of execution and the return of service to its application for writ of scire facias. The writ of execution was dated September 14, 2004, and signed by a deputy district clerk of Dallas County. The Dallas County Sheriff's return showed that the writ "came to hand" on September 23, 2004. Therefore, issuance of the writ was timely.

Although the sheriff's return does not specify a particular defendant actually served, the writ itself names each of the three defendants, and the writ itself was delivered to the Sheriff of Dallas County. We presume the officer performed his duty in executing the writ. *Bartz*, 396 S.W.3d at 652. As we have explained, "for purposes of extending the life of a judgment, section 34.001 requires only that a writ be issued and delivered to an officer for execution. Nothing in

the statute requires actual service of the writ." *Bartz*, 396 S.W.3d at 653 (citing *Ross*, 507 S.W.2d at 809, and TEX. CIV. PRAC. & REM. CODE ANN. § 34.001).

WDC and Webb concede that no statute or case requires proof of actual service of a writ of execution. But they contend that "the ability to prolong or revive a judgment without involvement of the judgment-debtor invokes due process concerns, due to the continued taking without notice and the opportunity to contest either issuance, revival, or continuation of the judgment and collection efforts." A scire facias proceeding for the revival of a judgment does not constitute a new suit, however. *Raymond K. Oukrop, DDS, P.C.*, 2014 WL 3734192, at *3. It is a continuation of the original suit in which the judgment was rendered. *Id.* Therefore, in this suit, WDC and Webb were served with process, appeared and answered, participated in the proceedings culminating in the trial court's judgment, and received notice of the judgment. *Cf. Luby v. Wood*, No. 03-12-00179-CV, 2014 WL 1365736, at *1–2 (Tex. App.—Austin Apr. 2, 2014, no pet.) (mem. op.) (court lacked jurisdiction over plaintiff's writ of scire facias where, in violation of due process, defendant was not served with process at commencement of suit).

The 2004 writ of execution was properly issued. We decide WDC's and Webb's second issue against them.

## B. Revival of Judgment

In their first issue, WDC and Webb argue that under section 34.001, Texas Civil Practice and Remedies Code, revival of a judgment is limited to two consecutive ten-year time periods. They argue that the time for reviving the judgment ended on November 28, 2014 (two ten-year periods after the November 28, 1994 date of judgment), so that Yorkshire's application for writ of scire facias filed on February 2, 2016, was untimely.

Section 34.001(b) provides that "[i]f a writ of execution is issued within ten years after rendition of a judgment but a second writ is not issued within 10 years after issuance of the first

writ, the judgment becomes dormant." TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(b). As we have discussed, the first writ of execution was "issued" in September 2004. Assuming without deciding that the July 2014 writ of execution was not issued, the judgment would have become dormant in September 2014. *Id.* But under section 31.006, a dormant judgment may be revived by scire facias "brought not later than the second anniversary of the date that the judgment becomes dormant." TEX. CIV. PRAC. & REM. CODE ANN. § 31.006. Yorkshire's application for writ of scire facias was timely, filed less than two years after September 2014. Therefore, even under WDC's and Webb's interpretation of section 34.001, the judgment was revived by the timely issuance of a writ of scire facias under section 31.006. We decide their first issue against them.

## CONCLUSION

Yorkshire satisfied the statutory requirements for revival of the judgment. Therefore, the trial court was without discretion to revive the judgment. *Chen*, 2016 WL 258986, at *1. The trial court did not err by granting Yorkshire's application for writ of scire facias. We affirm the trial court's order.

/Jason E. Boatright/
JASON E. BOATRIGHT
JUSTICE

160390F.P05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GARY WEBB AND WEBB
DEVELOPMENT COMPANY, Appellants

No. 05-16-00390-CV          V.

YORKSHIRE WEST CAPITAL, INC.,
Appellee

On Appeal from the 116th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-94-03613.
Opinion delivered by Justice Boatright;
Justices Evans and Stoddart participating.

In accordance with this Court's opinion of this date, the trial court's Order Reviving Judgment is **AFFIRMED**.

It is **ORDERED** that appellee Yorkshire West Capital, Inc. recover its costs of this appeal from appellants Gary Webb and Webb Development Company.

Judgment entered this 21st day of February, 2017.